RENNE ALRED v. DANIEL MONTAGUE AND ANOTHER.

A Sheriff has no power to sell lands lying without the limits of his own county.

Where one attempts to sell more than he has a right to convey, the sale, though void for the excess, is *good* for so much as the vendor had the right to sell.

A sheriff's sale of a tract of land partly in his own and partly in an adjoining county *held* to be valid as to that part within his county, but void as to the remainder.

ERROR from Fannin. Tried below before the Hon. William S. Todd.

The defendants in error, Montague and Brown, in March, 1855,

brought an action of trespass to try title against Renne Alred, the plaintiff in error. The land was situated, a part in Fannin, and a part in Grayson county. Plaintiffs below claimed under a patent to Montague, one of the plaintiffs. Defendant below set up a sheriff's deed, based upon a judgment, and regular executions issued on the judgment, with the various levies and sale. The judgment was against Montague the plaintiff, rendered by the District Court of Fannin county, in November, 1846, and in favor of · Alred, the defendant. The sale by the sheriff was on the 7th of November, 1848. Grayson county was organized November 3d, 1848, and of the tract of 950 acres of land in controversy, 431 3-5 acres were within the boundaries of Grayson county.

The judge instructed the jury, that if they "believed from the testimony that a portion of the land sold under the execution of the defendant as plaintiff's, was at the time of the levy and sale by the sheriff, in Grayson county, and that Grayson county was at that time organized into a separate county, then the sheriff's sale was void, and defendant acquired no right under his purchase;" which charge was excepted to, and bill of exceptions made part of the record. Verdict for plaintiff, and judgment accordingly, divesting all title out of Alred, and vesting the same in plaintiff. Plaintiff in error assigns the instruction given by the court to the jury, as error.

*John T. Mills*, for plaintiff in error. The validity of the judgment, the regularity of the executions, and the sale by the sheriff, are not contested, but because at the date of the sale, and in fact at the rendition of the judgment, a moiety of the land was situated in Grayson county, the court charged the jury that the sale was absolutely void. Grayson county was taken from Fannin, and, as the record shows, organized but a few days before the judgment against Montague was rendered.

Under this sale, the defendant below had held the land for more than five years previous to the institution of the suit to dispossess him. The new county line, however, being run a long time afterwards, and it being discovered that some three hundred acres of the land was in Grayson county, this suit was instituted. There

being no contest made in the court below, as to the judgment and execution, and it being satisfactorily established that Montague had received, *pro tanto*, a satisfaction upon the execution against him, it is respectfully submitted, whether the charge of the court that the sale of the sheriff was void, is not incorrect at least to the extent of the land still being in the county of Fannin. However, as we have no adjudicated case in point, upon this branch of the case, we will defer to the better judgment of the court, and abide by whatever may be considered the best as a precedent now to be established.

*Amos Morrill,* for defendant in error. Where an entire promise is made on one entire consideration, and part of that consideration is illegal, it may avoid the entire contract. (Robinson v. Green, 3 Metcalf's Rep., 161; 2 Parsons on Con., 80 note w.)

If a contract be entire, and void for part, the plaintiff cannot separate it and recover for the other part. (Hobart's Rep., 54, (note 2;) Charter v. Beckett, 7 Tenn. R., 197.)

If any *part* of a consideration is illegal, the whole consideration is void; because public policy will not permit a party to enforce a promise which he has obtained by an illegal act or an illegal promise, although he may have connected with this act or promise another which is legal. (1 Parsons on Con., 380; Donnallen v. Lennox, 6 Dana, 92.) Mere inadequacy of price, will have its weight where there are other grounds for setting aside a sale. (2 U. S. E. Dig., 544, art. 151.)

The sheriff derives his authority to sell and convey land from the law and his duties as sheriff as prescribed by law. In selling more land than was sufficient to satisfy the execution, he exceeded his authority derived from the law and his commission as sheriff, and the command of the precepts under which he acted. " *The sale as made cannot be so separated and divided into parts and parcels, as to be good for one part or parcel of the land, and void as to the residue.*" (Pepper v. The Commonwealth, by Thornton, 6 Monroe's Rep., 30–1; *vide* also Addison and Calhoun v. Crow and Jarvis, 5 Dana's Rep., 271; Howard v. North, 5 Tex., 315.)

The sheriff in making his levy upon the whole tract of land, did one act only, in advertising the land, as the advertisement included the whole tract; this was one act, and the sale which followed and consummated the illegal transaction was an act of itself. The land in Grayson, was just as much levied on, advertised and sold, as the land in Fannin. The several acts were indivisible in their nature. Every contract is an *"aggregatio mentium."* The sheriff acts as the agent appointed by law of the debtor, and the bidder for himself.

WHEELER, C. J. It is manifest that the charge of the court to the effect that if a part of the land lay in Grayson county, the sale was void, and the defendant acquired no right under his purchase, was decisive of the case. And in this opinion we think the court erred. It is true that the sheriff of Fannin county had not the power by virtue of the execution in his hands, to sell land in the county of Grayson. And as to that part of the land situated in the latter county, the sale was ineffectual to pass the title. But it does not follow that the sale was not good and effectual to pass the title to that portion of the land situated in the county of Fannin. We see no cause to question that it was. Undoubtedly the sheriff had authority to sell that part of the tract. And it is not perceived that his including more land than he had authority to sell, affected the validity of the sale as to that to which his power extended. The whole did not sell for an amount sufficient to satisfy the execution, and the part which the sheriff had the power to sell, was capable of being certainly ascertained. Including more cannot have operated an injury to the defendant in execution. It did not diminish, but doubtless enhanced the price at which the sale was effected, and thus was a benefit instead of an injury to the debtor. The purchaser was the only person likely to be injured. When one attempts to sell more than he has right and title to convey, the sale, though void for the excess, is good for that to which the vendor had title. So, if an attorney in fact under a power to sell, should make sale to the extent of his authority, and beyond it, so as to include more land than he had authority to sell, the sale would be void only for the excess, but

good to the extent of his authority, if the excess was capable of being clearly ascertained. The execution of the power is held good so far as it is authorized by the power, and void as to the residue. (Story on Agency, sec. 166, *et seq.*) The sheriff derives his authority from the law, and in its execution it would seem that the same principle will apply, where, as in this case, no injury has resulted to the debtor. The extent of his authority was clearly defined, and the excess capable of being certainly ascertained. To the extent to which he rightly executed the power, it was good and effectual to pass the title.

As the charge of the court in question evidently controlled the decision of the case, and the question of limitation, in the view we have taken of the title, may not arise upon another trial, it is unnecessary to revise the rulings of the court upon the evidence offered in support of the plea.

The judgment is reversed, and the cause remanded.

Reversed and remanded.