## A. A. CASSEDAY v. S. E. NORRIS.

1. ADMINISTRATOR'S SALE TO PAY EXPENSES—LOCATIVE INTEREST.—A sale by an administrator of a tract of land for the purpose of paying the expense of locating lands of the estate, the expenses being considered as one-third in value of the land so located, is not void, in a collateral attack, as a mode of making partition of the land, and giving the locator his one-third interest.

2. UNITED STATES MARSHAL'S SALES OF LAND.—Sales of land made by the United States marshal, under execution, must be made in the county where the land is situated.

3. SAME.—A marshal's sale of land, part of which was in McLennan county, made at the court-house of Bell county, held void as to that part lying out of Bell county.

APPEAL from McLennan. Tried below before the Hon. L. C. Alexander.

Mrs. S. E. Norris brought suit against A. A. Casseday for 1,345 acres of land, being a part of a tract of 1,920 acres pat-

ented to the heirs of R. T. Davidson, the original 1,920 acres lying partly in Bell county and partly in McLennan county.

The original petition was in the ordinary form of an action of trespass to try title.

Subsequently, appellee amended her petition, deraigning her title, the substance of which is as follows:

1. Patent from the State of Texas to the heirs of Robert T. Davidson, issued by virtue of bounty warrant number 213, issued by the Adjutant-General of the State of Texas; patent dated the 4th day of April, A. D. 1855, for 1,920 acres.

2. Deed from Jabez Dean, administrator of the estate of Robert T. Davidson, to William A. Dallas, dated the 10th day of March, A. D. 1856, for the 1,920 acres of land mentioned in said patent.

3. Deed from William A. Dallas to J. M. Norris for the land sued for, (1,345 acres,) being part of said 1,920 acres, dated 10th day of March, A. D. 1856.

The amended petition gave a careful history of the administration of the said Robert T. Davidson, the parts of which material are, that in 1846 one Jabez Dean was appointed administrator *de bonis non* of the estate of said Davidson, in Washington county, Texas, at instance of the heir of the deceased; that as such he obtained, after suit, a headright certificate for one-third league, and two bounty warrants— one for 1,920, and the other for 640 acres; that he contracted with J. M. Norris to locate them; that they were located on valuable lands by Norris; that in order to compensate Norris for his services, his claim in money for the estimated one-third of the value of the land was presented and allowed; to satisfy the claim, and to defray other expenses, an order of sale was procured, and sale was made of the 1,920-acre tract, at which sale Dallas was the purchaser; the sale was approved; Dallas conveyed to Norris; that these proceedings were all with the knowledge and approval of the heir of the deceased Davidson, and said heir has acquiesced therein.

Defendant demurred, and pleaded not guilty. On the trial, the court overruled the demurrer. The title as alleged in the petition was proved, and that defendant was in possession.

Casseday, on the trial below, read in evidence—

1. Judgment against J. M. Norris in favor of W. C. Browning, rendered in the Federal Court, at Austin, January 29, 1867.

2. Execution on said judgment, and marshal's return thereon.

3. Marshal's return on order of sale.

4. Agreement of counsel to read the return of marshal from the docket of the clerk, the original order of sale being lost.

5. Deed of United States marshal to Albert Tabler to the land sued for, which shows the sale took place at the courthouse in Bell county.

6. Deed from James Walker to appellant, dated January 24, 1868.

The case was submitted to the court, and judgment rendered for plaintiff for all the land sued for lying in the county of McLennan.

During the trial, defendant objected to the reading of the deeds from Dean (administrator) to Dallas, and from Dallas to Norris, because plaintiff's amended petition showed the sale by Dean to Dallas to have been colorable,—not to pay debts, but for partition,—and therefore void. The court overruled the objection.

Exceptions were made by plaintiff to the marshal's deed, for want of sufficient description of the land.

*S. H. Renick,* for appellant.—The allegations set forth in plaintiff's amended petition, in regard to proceedings of the Probate Court of Washington county, under which the land was sold to Dallas by the administrator of Davidson, show that the sale was void, and no title passed. The Pro-

bate Court had no jurisdiction in 1855, when the sale purports to have been made, to make partition between an estate and other part owners; and it could not do indirectly, under color of such sale, what it could not do directly.

The sale made by the United States marshal at Belton, the county-seat of Bell county, was regular. The sale was made in the district from which the execution issued, and in which the land was situated, and was made in accordance with law.

There is no law in this State requiring land to be sold in the county where it is situated, but only at the court-house door of the county where the sale takes place; and the only reasons why a sheriff cannot sell beyond the limits of his county are,—1st. His writ only extends to his county. 2d. He is not sheriff beyond the county line. (Paschal's Dig., art. 3776; Alred v. Montague, 26 Tex., 735.)

The marshal's sale was regulated by the State law. (Bright. Dig., p. 269; Smith v. Cockrill, 6 Wall., 756.)

*Sleeper, Jones & Kendall,* for appellee.

I. The amended petition alleges that all that was done by Dean, as administrator of Davidson, was done at the instance and request of James Walker, the heir of Davidson, and was acquiesced in and approved by James Walker; and no subsequent vendee of Walker can set up the illegality of the probate sale so made at his instance and request.

II. A deed made by a United States marshal to land described in the deed and in the return on the execution as 1,345 acres out of 1,920 acres, without any description of the 1,345 acres, is void. (Wofford v. McKinna, 23 Tex., 36; Herman on Executions, 426, 427.)

III. A United States marshal can sell land in no other manner and at no other time and place than a sheriff can sell under execution. (U. S. Rev. Stats., sec. 788.)

IV. A sheriff cannot sell land at any other place than at the court-house door of the county where the land is situated;

and if a part of a tract lies in one county, and a part in another, his deed will only convey the land lying in the county where the sheriff lives. (Alred *v.* Montague, 26 Tex., 735; Pollard *v.* Cocke, 19 Ala., 188.)

GOULD, ASSOCIATE JUSTICE.—The counsel in this case having made an agreed statement of the points of law and of fact involved in the record, and having furnished the court with their briefs and such agreed statement, printed in pamphlet form, the case has, on motion, received precedence on the docket.

The suit was brought by appellee, S. E. Norris, to recover 1,345 acres of land, deraigning her title under an administration sale, the validity of which is the first question presented. By reference to the agreed statement, it will be found that the sale was applied for and was ordered to defray expenses of administration, and to satisfy a locative claim, which was treated by the administrator and the court as a moneyed demand, equivalent to one-third of the appraised value of the land located. The power of the court to order a sale to defray expenses of administration is clear. (Paschal's Dig., art. 1314.) The sale was one which the court had jurisdiction and authority to order, and the claim that it purports to have been made simply to make partition between the estate and the locator is not established by the agreed statement. On its face, the order was not void; and if it could have been attacked by a party interested in the estate in a proper proceeding as voidable, the statement shows that the entire proceeding was consented to and acquiesced in by Walker, the sole heir, and that as against appellant, who claimed under Walker, the sale was valid. The only other question is as to the effect of a sale and deed by the United States marshal by virtue of an execution and *venditioni exponas*, under a judgment in the United States Circuit Court at Austin against J. M. Norris. Appellant produced such a judgment and deed, showing a sale by the marshal at the court-house door of

Bell county. The land levied on and sold, however, was actually in McLennan county, though as the lines were understood to be at the time of the sale a small part would be in Bell county. Appellant claims that as the sale was made in the marshal's district it was valid, although not made at the court-house door of the county-seat of the county in which the land is situated. Under the statutes of this State, as construed by this court, a sheriff of one county has no power, by virtue of an execution in his hands, to sell lands in a different county; but such sales must be made at the court-house door of the county in which the land lies. (Paschal's Dig., art. 3776; Alred *v.* Montague, 26 Tex., 735.) Under the statutes of the United States and the decisions of the Supreme Court, the proceedings on final process out of the Federal courts are governed by the State laws. (U. S. Rev. Stats., secs. 916, 788; Wayman *v.* Southard, 10 Wheat., 1; Riggs *v.* Johnson County, 6 Wall., 192; Smith *v.* Cockrill, 6 Wall., 756.)

Our opinion is, that the United States marshal, in levying on and selling lands by virtue of execution, was required to conform to the laws of the State, and to sell the land at the court-house door of the county in which it lies; and, consequently, that the sale by the marshal of lands in McLennan county, made at the court-house of a different county, was unauthorized and invalid.

The conclusion that this sale was invalid on this ground, renders it unnecessary to consider whether it was objectionable on the ground of the insufficiency of the description of the land. On the statement and questions presented, the judgment is affirmed.

AFFIRMED.