## No. 2559.

### R. S. TERRY v. O'NEAL & SON ET AL.

1. EFFECT OF PAYMENT OF A JUDGMENT.—The payment of a judgment by a stranger to it will operate as an extinguishment of it, unless there is some understanding that it is to be continued in force for the benefit of the person making the payment.

2. SAME.—After such payment the judgment will not support an execution —and a purchase at execution sale under such satisfied judgment passes no title to land so sold.

3. SAME.—See facts held sufficient evidence of satisfaction of a judgment.

4. GIFT BY HUSBAND TO WIFE.—Where it is shown that at the time of

such gift the husband had lands subject to execution in excess of his indebtedness, such gift is valid.

5. SAME. — Nor can such ·gift be avoided by a subsequent creditor by merely showing that it was without consideration.

APPEAL from Cass.    Tried below before Hon. W. P. Mc-Lean.

This is an appeal from a judgment in favor of the appellees, who were plaintiffs below for certain lands sued for. There is no question upon the pleadings. The finding of facts by the court are as follows:

"1.   Both parties claim title to the land in controversy from W. A. Lockett as a common source.

"2.   Plaintiffs O'Neal & Son claim under the deed from W. A. Lockett and wife and children to one-half, and Mrs. Lockett and children claim under the deed from her husband W. A. Lockett.

"3.   The deed to the land in controversy was executed by W. A. Lockett before the sale was made under execution in favor of T. J. Rogers, at which last named sale T. J. Rogers was the purchaser.

"4.   At the time W. A. Lockett made the conveyance to his wife and children he was indebted to T. J. Rogers, which debt matured into the judgment in favor of said Rogers.

"5.   At the time of said conveyance he owned, subject to execution for his debts, above legal exemptions, property real and personal, besides the land conveyed, of the value of one thousand dollars.   Said property was in Marion and Cass counties.   His debt to Rogers was about four hundred and fifty dollars.

"7.   I find further that the judgment of T. J. Rogers against W. A. Lockett was by the transaction between Rogers and Taylor, and between Taylor and Terry, and by the deed from Lockett to Terry, extinguished and satisfied, and that the execution which issued on the fourteenth day of February, 1887, and under which defendant Terry claims, as the purchaser at the sale made under same was without authority."

The additional matters are in the opinion.

*Todd & Rowell,* for appellant: 1.   Before a judgment can be extinguished by the act of a stranger or third party, two

facts must affirmatively appear: First, that a payment in full of the judgment has been made, and, second, that all the parties intended a cancelation, or extinguishment of the judgment. (Freeman on Judgments, sec. 463 and references; Townsend v. Smith, 20 Texas, 470; Freeman on Executions, sec. 21.)

2. The deed under which plaintiffs claim was without consideration and void as to creditors. (Rev. Stats., art. 2465; Bump. on Fraudulent Conveyances, 264, 268, 269; Belt v. Raguet, 27 Texas, 478, 479.)

*O'Neal & Son,* for appellees, cited: Freeman on Judgments, sec. 468; DeGarca v. Galvan, 55 Texas, 57; McKay v. Treadwell, 8 Texas, 176; Bump. on Fraud and Fr. Con., 19–22, 272–274; King v. Russell, 40 Texas, 124; Van Bibber v. Mathis, 52 Texas, 409.

STAYTON, CHIEF JUSTICE. Both parties to this action claim the land in controversy through W. A. Lockett, who owned it in 1879, and was then indebted to T. J. Rogers in the sum of about five hundred dollars. Being so indebted, on November 4, 1879, he conveyed the land in controversy, which contains about six hundred acres, situated in Cass county, to his wife and children by way of gift. After this conveyance was made Rogers obtained a judgment against him in Marion county, and, under an execution issued under that judgment the land was sold by the sheriff of Marion county and bought by Rogers, plaintiff in execution, on April 5, 1881. On December 3, 1881, Rogers conveyed the land to E. W. Taylor, who, on January 9, 1883, conveyed it to appellant.

E. W. Taylor testified that after Rogers bought the land at sheriff's sale, Lockett was indebted to himself in the sum of one hundred dollars, and proposed to have the land conveyed to him if he would pay to Rogers the sum due him by Lockett, under which he should hold the land, to be conveyed to such person as Lockett should suggest on payment to him of the sum due to him from Lockett, as well as the sum which Taylor should pay to Rogers.

He further stated that he paid to Rogers the sum claimed to be due to him by Lockett, and took the deed before referred to from him, and that under this deed, and an agreement between himself and Lockett, he held the land until, at the request of the latter, he conveyed it to appellant who paid to him the

amount he had paid to Rogers, with interest, as well as the sum due from Lockett to himself.

The testimony of Taylor is corroborated by that of Lockett.

It further appears that Lockett was also indebted to appellant and that, as a method of paying the sum thus due, Lockett caused Taylor to make the deed to appellant before referred to, appellant paying to Taylor the sum due him from Lockett, as well as the sum paid to Rogers by Taylor for Lockett, with interest due thereon.

After Taylor made the deed to appellant Lockett also made a deed to him for this and other lands which, he testified, was "in full satisfaction of the Rogers and Taylor claims, also the indebtedness due by myself to R. S. Terry, amounting in all to about seven hundred and fifty dollars. Terry now holds about eight hundred acres of land, none of which is included in this suit, to cover the amount of the Rogers and Taylor claims and his two hundred dollars, and that it is worth three dollars per acre."

On February 14, 1887, an execution issued under the judgment obtained by Rogers against Lockett before referred to, which was directed to the sheriff of Cass county, who levied upon, and sold and conveyed the land in controversy to the appellant for fifty dollars.

Prior to the transactions last referred to, Mrs. Lockett instituted an action against appellant for the land in controversy, which resulted in a judgment in her favor. Subsequently, she, joined by her husband, conveyed one-half of the land in controversy to O'Neal and son. Upon these facts rest the titles of the two parties.

This action was brought by Mrs. Lockett, joined by her husband, in her right, and as next friends of their minor children, and by O'Neal & Son.

The sale made under execution on April 5, 1881, by the sheriff of Marion county, in so far as it embraced the land in controversy situated in Cass county, passed no title, and the judgment rendered in favor of Mrs. Lockett against the appellant is conclusive against any claim to the land either legal or equitable growing out of that sale, the transactions between Rogers and Taylor, between Taylor and himself, or the conveyance made by Lockett to him. If appellant has any title to the land, it rests on the purchase made by him in April, 1887, under the execution issued on February 14, of that year, on

the judgment rendered by Rogers against Lockett on April 30, 1880.

The court below held that that judgment was satisfied through the transaction between Rogers and Taylor, made at request of Lockett, and, that for this reason the last execution issued under it was invalid.

It is urged that the conclusion was erroneous.

Taylor stated that he paid to Rogers the sum claimed by him to be due on the judgment, and his testimony was corroborated by that of Lockett. That this was done at request of Lockett there can be no doubt.

The evidence of Rogers does not controvert the statement made by Taylor, but he makes a general statement that Lockett never paid the sum due on the judgment. Rogers admits that he had proposed to reconvey to Lockett all the land which he bought at sheriff's sale if the latter would pay the sum due on the judgment, and the evidence leaves but little doubt that this was done through Taylor.

The payment of a judgment, by a stranger to it, will operate an extinguishment of it, unless there is some understanding that it is to be continued in force for the benefit of the person making the payment. When such an understanding is shown, the judgment will be treated as assigned to the person paying the money, and not as extinguished, or the person making the payment will be subrogated to the rights the judgment creditor had before receiving the money from the stranger. There was no understanding that the judgment should remain in force shown by the evidence, and the circumstances do not tend to show that the parties so intended.

After the demand of Rogers had been satisfied by Taylor, he had no interest to subserve by keeping the judgment in force; and it is evident that Taylor did not understand that it was to be kept in force for his protection, for the security relied upon by him was the land conveyed to him by Rogers. That conveyance embraced the land in controversy and other lands.

The fact that no title to the land in controversy passed by the sale made by the sheriff of Marion county does not affect the question before us, for it is not upon that sale that appellees base their claim that the judgment was satisfied, but upon the fact that Taylor, at the request of Lockett, satisfied it by the payment of money.

The case of Townsend v. Smith, 20 Texas, 470, has no appli-

cation to the facts before us. We think the finding of the court below was sustained by the evidence.

There was another finding, however, that would be conclusive of the rights of the parties, had it been shown that the judgment obtained by Rogers against Lockett had not been satisfied prior to the issuance of the execution through which appellant claims.

The court below found that at the time Lockett made the conveyance to his wife and children, he owned property subject to execution, real and personal, besides the land thus conveyed, situated in Marion and Cass counties, of the value of one thousand dollars, and that the debt to Rogers was about four hundred and fifty dollars.

The evidence does not show that Lockett owed any other debt than that due to Rogers at the time he made the conveyance, and does show that the debts due to Taylor and appellant were contracted after that conveyance was made.

The evidence further shows that Lockett had continuously owned, since he made the conveyance to his wife and children, real estate situated in Marion and Cass counties subject to execution, of value more than sufficient to have paid the judgment in favor of Rogers. A conveyance made to a wife and children under such circumstances was not void (Rev. Stats., art. 2466), merely from the fact that it was a voluntary conveyance.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered October 26, 1888.