C. H. TENNEY ET AL. V. BALLARD, WEBB & BURNETTE HAT COMPANY ET AL.

Delivered October 30, 1897.

1. **Receivership—Waiver of Right of Creditor to Demand.**

A creditor of a corporation who, after learning of the transfer of the assets of a corporation to certain stockholders and directors, and knowing that they, as a firm, are exercising dominion over such assets as owners, and not as directors, accepts the firm as payors of the debt due him, thereby loses his right to have a receiver of the corporate assets appointed.

2. **Same—Estoppel Against Creditor—Fraudulent Transfer.**

A creditor of a corporation who, with knowledge of the facts, accepts as payor of the debt due him a firm composed of certain directors of the corporation to whom the corporate assets have been transferred, can not afterwards set up that such transfer was fraudulent as to creditors as a ground for obtaining the appointment of a receiver for the assets.

3. **Judgment for Debt Not Authorized in Action for Receivership, Without Prayer.**

A creditor of a corporation is not entitled, in an action for the appointment of a receiver of the corporate property, to a judgment for the amount of a debt claimed by him, in the absence of a prayer for judgment for debts, where no grounds for the appointment of a receiver exist.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*George H. Plowman* and *Alexander, Clark & Hall,* for appellants.—Under the facts as pleaded, plaintiffs were entitled to have a receiver appointed. Rev. Stat. 1895, art. 1465; Sayles' Sup. Rev. Stats., art. 566,

sec. 24; Rev. Stats. 1895, art. 682; Hardware Co. v. Stove Co., 86 Texas, 143; Bank v. Goolsby, 35 S. W. Rep., 713; Railway v. Adams, 87 Texas, 125; Canning Co. v. Fraser, 81 Texas, 405; Cruse v. Mfg. Co., 33 Atl. Rep., 297; Carey v. Woodworth, 38 Am. and Eng. Corp. Cases, 171; Bank v. Guyon, 20 So. Rep., 520; Bank v. Franchert, 21 N. Y. Sup., 595; Mora. on Corp., 2 ed., secs. 517, 518, 523, 524-528, 781, 794; Lang v. Daugherty, 74 Texas, 226; Curran v. State, 15 How., 304; Hervey v. Railway, 28 Fed. Rep., 169; Wardell v. Railway, 103 U. S., 651; Drury v. Railway, 7 Wall., 299; Railway v. Dewey, 14 Mich., 477; Haywood v. Lincoln Lbr. Co., 69 Wis., 639; Bank v. Borch, 141 Ill., 519; State v. Bank, 40 Neb., 192; Paine v. Railway, 31 Ind., 353; Loan Co. v. Works, 35 Minn., 543; Button Co. v. Spielman, 50 N. J. Eq., 120; Atkinson v. Print Co., 114 N. Y., 168; Railway v. Poor, 59 Mo., 277; Shipman v. Ins. Co., 29 Conn., 245; Freeland v. Freeland, 102 Mass., 475; Kilbourne v. Fay, 29 Ohio St., 264.

*Crawford & Crawford,* for appellees.—1. The judgment of the court below was correct. State v. Irrigating Co., 40 Kan., 100; Berry v. Roach, 65 Miss., 450; Ins. Co. v. Trans. Co., 13 Fed. Rep., 518.

2. If we admit that the transfer of February 25th was fraudulent, still the plaintiffs, having accepted benefits under it, can not afterwards impeach the conveyance without returning the benefits received. The testimony shows that all of the plaintiffs received thousands of dollars from the business after it was transferred to Ballard and Burnette. Scott v. Edes, 3 Minn., 377; Lemay v. Bibean, 2 Minn., 251.

RAINEY, ASSOCIATE JUSTICE.—*Conclusions of Fact.*—The evidence is sufficient to support the conclusions of fact of the court below, and the same are adopted as the conclusions of this court. Said conclusions are as follows:

"That about the last of February, 1895, defendant Hat Company was heavily indebted, and probably insolvent. That at this time George S. Ballard and Owen D. Burnette became the owners of all the capital stock of said company, and immediately caused the said company, through unanimous resolutions of its stockholders and directors, to transfer all of its property of all and every kind to Owen D. Burnette for Ballard & Burnette, which latter styled firm was then formed of George S. Ballard and Owen D. Burnette, to carry out the business of the Hat Company, and which said firm assumed and agreed to pay all of the debts of the Hat Company.

"That plaintiffs were the principal creditors at that time of the Hat Company, and that they did not, nor did the other creditors of the Hat Company, know of such transfer, or agree that it should be made. That immediately upon making said transfer, Ballard & Burnette wrote to all the creditors of the Hat Company, advising them thereof. That in addition to writing to plaintiffs advising them of the change, Mr. Ballard

went to New York about the 1st of April, 1895, and in person fully advised plaintiffs of said change, and of all the facts causing and concerning same.

"That by the full knowledge of all the facts the plaintiffs expressly and by their actions and dealings with the parties fully and completely ratified and consented to such transfer and accepted Ballard & Burnette as their debtors, instead of the Hat Company, and the first intimation of a different claim on the plaintiff's part was the filing of this bill."

*Conclusions of Law.*—1. The contention of appellants, that when a corporation ceases to do business the property of such corporation constitutes a trust fund in the hands of the directors of such corporation, to be administered by them for the benefit of its creditors, is a correct principle of law. Lyons-Thomas Hardware Co. v. Stove Manufacturing Co., 86 Texas, 143; Bank v. Goolsby, 35 S. W. Rep., 713; Rogers v. Lumber Co., 11 Texas Civ. App., 108.

The appellants, however, are not in a position to invoke this principle. Being advised of the transfer of the assets, and knowing that Ballard & Burnette, as a firm, were exercising dominion over the same as owners thereof, and not as directors of said corporation, they elected to accept said firm as payors of the debts of the Hat Company. By this election they waived the right to have the assets of said corporation administered by the directors for the benefit of creditors, and therefore were not entitled to have a receiver appointed.

2. It is insisted that the transfer of said assets was not authorized by law; and further, that it was made in fraud of creditors.

We will not enter into a discussion of the propositions made on these issues, for the reason that the evidence shows that appellants were cognizant of the situation, and accepted the same; and it is immaterial how the transaction was consummated, they are not in a position to complain.

3. Nor do we think the contention of appellants, that the court should have rendered judgment for the appellants for the amount of their respective debts against the defendant, is correct.

The action was for the appointment of a receiver to administer the property, and the petition was framed with that view. The prayer was sufficient for any relief necessary, had a receiver been appointed; but there was no specific prayer for judgment for the debts. No grounds existing for the appointment of a receiver, we are of opinion that there was no error in the court's not rendering judgment against the defendants for the amount of the debts claimed.

Judgment affirmed.

*Affirmed.*