### ATLANTA NAT. BANK v. MAP et al.
### (No. 2906.)

(Court of Civil Appeals of Texas. Texarkana. March 27, 1924.)

1. **Husband and wife** ⬅262(1)—**Transfer of deposit to wife held to make it her separate estate.**

In view of Rev. St. art. 4622, providing that bank deposit shall be presumed to be separate property of spouse in whose name it stands, transfer of deposit on bank's books to depositor's wife made it her separate property, even though resulting from original deposit of community funds.

2. **Husband and wife** ⬅265½, New, vol. 14A **Key-No. Series—Bank consenting to transfer of deposit to depositor's wife cannot assail validity.**

Where depositor, surety with others on note to bank of bankrupt, on renewal thereof, transferred deposit, proceeds of community property, to wife's name, with bank's consent, bank could not assail validity of transfer.

3. **Fraudulent conveyances** ⬅58—**Facts held not to show transfer of bank deposit by husband to wife to hinder and defraud creditors.**

Where, at time of renewal of note to bank, husband, surety on original note, transferred bank deposit, proceeds of community property, to wife with bank's consent, and conveyed all community property to her by deed which left him a life estate therein, transfer was not invalid as made to hinder, delay, or defraud plaintiff as a creditor, in absence of showing that he owed other debts or that property rights retained by him were not sufficient to satisfy plaintiff's debt.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Action by Mrs. W. D. Map and another against the Atlanta National Bank. Judgment for plaintiffs, and defendant appeals. Affirmed.

O'Neal & Harvey, of Atlanta, for appellant. Hill Stewart, of Atlanta, for appellees.

HODGES, J. In February, 1923, the appellee Mrs. W. D. Map, joined by her husband, filed this suit in the district court of Cass county against the appellant. The purpose of the suit was to recover the sum of $439.34, which the plaintiff alleges she had on deposit in that bank and which the latter refused to pay over to her upon demand. Appellant answered alleging, in substance, that it was the owner and holder of a note for $1,757.39 signed by W. D. Map and three other parties; that when the note was executed it had on its books a deposit standing in the name of W. D. Map. Upon the failure of the parties to pay the note it appropriated $439.34 of that deposit to the payment of Map's proportionate part of the indebtedness. It is further alleged that the original deposit was the community property of Map and his wife, and that the transfer thereafter to the appellee was made for the purpose of defrauding the creditors of Map and was therefor void.

In a general charge the court directed the jury to return a verdict in favor of the appellee if they believed from the evidence that the deposit was her separate property, un-

less they further believed that the deposit was originally community property and was later transferred to the credit of the appellee for the purpose of hindering, delaying, or defrauding the creditors of W. D. Map. The jury returned a general verdict in favor of the plaintiff.

The testimony shows substantially the following facts: In 1919 the appellant held a note against one Virgil Hanes for the sum of approximately $2,000, on which W. D. Map and three other were sureties. Some time later Hanes became a bankrupt, and the note was renewed for the sum of $1,757.39 by the sureties alone. It then became evident that the latter would have the note to pay at maturity. On or about the date of this renewal there was on the books of the appellant bank a deposit in the name of W. D. Map for the sum of $1,000. The evidence shows that this deposit was made by the appellee from the proceeds of the sale of produce and rents from a farm owned by W. D. Map, the community property of himself and wife. On the day the Hanes note was renewed by the sureties the deposit which had been standing in the name of W. D. Map was, at the instance of the appellee, transferred to her credit. The transfer was made by a check drawn by her in the name of W. D. Map. According to the testimony of the appellant's cashier, who made the book entries without objection, Map was present at the time, and there is nothing to indicate that he objected to the transfer. The evidence further shows that at the time this transfer was made at the bank Map and wife owned as their community property a tract of land in Queen City, which they occupied as a homestead, and a farm of 150 acres which they rented to tenants and from which they realized annually about $500. The deed to this land had stood in the name of W. D. Map for many years; but about the time the deposit in the bank was transferred Map also made a conveyance of all the community property to the appellee. The deed, however, recited that it was to take effect in the event the grantor died before the grantee.

[1] Article 4622 of the Revised Civil Statutes provides that bank deposits shall be presumed to be the separate property of the spouse in whose name it stands, and unless the bank officials are notified to the contrary they shall be governed thereby in honoring checks drawn against the deposit.

[2, 3] The legal effect of this transfer of the deposit on the books of the appellant bank was to make the credit the separate property of the appellee, even though it resulted from the original deposit of community funds. The appellant is not, under the facts of this case, in any attitude to assail the validity of that transfer, because it was made with its consent. But, if it were otherwise, appellant cannot now complain unless it can show that the transfer was made for the purpose of hindering, delaying, or defrauding it as a creditor of Map, and that it left Map without sufficient property subject to execution to pay his debts. Terry v. O'Neal, 71 Tex. 592, 9 S. W. 673. The deed from Map to his wife was introduced in evidence and shows upon its face only a conditional conveyance, which left Map at least a life estate in the land. There was no evidence that he owed any other debts, or that the property rights he retained were not sufficient to satisfy appellant's debt.

We are unable to find any error which requires a reversal of the judgment, and it is accordingly affirmed.