## HUFF et al. v. STATE.

No. 3343.

Court of Civil Appeals of Texas. El Paso.

April 2, 1936.

J. C. Romberg, Duncan & Davis, and E. C. Overall, all of Gonzales, for plaintiffs in error.

Miller & Miller, of Gonzales, for defendant in error.

HIGGINS, Justice (after stating the case as above).

The land originally was the separate property of L. C. Huff, as it was acquired by him before he married the mother of plaintiffs. If such was its status at the time Huff conveyed it in trust to Lamkin, the suit of the plaintiffs in error must necessarily fail, for they claim as heirs of their mother, asserting the land was community property and they have inherited their mother's community interest.

The sheriff of Caldwell county, by virtue of the execution in his hands issued upon the Caldwell county judgment, had no authority to sell the land in controversy, because it was in Gonzales county.

Such sale was void, and did not pass L. C. Huff's title. Terry v. O'Neal, 71 Tex. 592, 9 S.W. 673; Casseday v. Norris, 49 Tex. 613; Alred v. Montague, 26 Tex. 732, 84 Am.Dec. 603.

Plaintiffs in error do not question the original invalidity and void status of such sale, but assert Huff is estopped to question the validity of the sale and confirmed the same, wherefore his title passed to S. W. Huff, and, when Huff reacquired the land May 7, 1908, it became community property.

With reference to a void execution sale Judge Gaines in Moody's Heirs v. Moeller, 72 Tex. 635, 10 S.W. 727, 728, 13 Am.St.Rep. 839, remarked: "A voidable sale passes the legal title, subject to be avoided by a direct proceeding for that purpose, and it is not subject to a collateral attack. It may be ratified. But a void sale conveys no title, is incapable of ratification, and may be shown to be a nullity, even in a collateral proceeding." See, also, Allen v. Long, 80 Tex. 261, 16 S.W. 43, 26 Am.St.Rep. 735.

But it is unnecessary for us to determine whether Huff became estopped to question the validity of the execution sale. If it be conceded such an estoppel did arise, the judgment must nevertheless be affirmed.

The execution sale being void, the legal title remained in L. C. Huff. If a superior equitable title later passed by estoppel to S. W. Huff, the purchaser at the execution sale, then the burden was upon the plaintiffs in error to show defendant in error acquired his lien with notice actual or constructive of the superior equitable title vested in the community estate of L. C. Huff and wife, or that defendant in error was not a lienholder for value. Baldwin v. Root, 90 Tex. 546, 40 S.W. 3; Ruedas v. O'Shea (Tex.Civ.App.) 127 S.W. 891; Anderson v. Gazaway (Tex.Civ. App.) 80 S.W.(2d) 481. That State was a lienholder for value is not questioned.

The instruments relied upon as vesting title in the community were not of record in Gonzales county. Their registry in Caldwell county was not constructive notice. Adams v. Hayden, 60 Tex. 223; Jones v. Powers, 65 Tex. 207.

The matters relied upon as creating an estoppel rest in parol and the testimony of State shows he acquired his lien knowing L. C. Huff bought the land before

he married and believing it was his separate property, and without notice of any fact that would charge him with notice, or put him upon inquiry, as to its community status. It is true L. C. Huff, who was one of the plaintiffs suing as guardian for two of the children who were minors, testified he gave State information sufficient to put the latter upon notice or inquiry, but this was denied by State. It must be assumed the court resolved this and all other controverted issues of fact against the plaintiffs in error. And, since the evidence supports the view that State acquired his lien for value and without notice of the equitable title under which plaintiffs in error claim, the judgment should be, and is, affirmed.