BRAND, Banking Com'r, v. FARMERS MUT. PROTECTIVE ASS'N OF TEXAS et al.

No. 8230.

Court of Civil Appeals of Texas. Austin.

June 17, 1936.

Mutual Protective Association of Texas for $2,500, alleged to have been withdrawn in cash by appellee from the Cameron State Bank on December 17, 1931, at a time when appellee knew that said bank was insolvent. In answer appellee denied withdrawal of any cash on said date, but alleged that on said date it made a loan of $2,500 to R. L. Batte, a stockholder of said bank, and gave him a check for that amount on its account in the bank; and that Batte obtained no cash on the check, but in the regular course of business of the bank applied the amount of the check to his indebtedness to the bank on December 17, 1931.

By cross-action appellee further alleged that said bank, G. T. Graves, J. C. Tucker, R. L. Batte, P. S. Graves, and Jud C. Davis, all officials of the bank, had executed to appellee an agreement guaranteeing repayment of all of its deposits in the bank; and appellee prayed for judgment against said parties in the event judgment was against it in favor of appellant banking commissioner.

By supplemental petition, filed June 11, 1934, the date of the trial below, appellant alleged for the first time that the check transaction between appellee and Batte was a fraudulent transaction and a conspiracy to withdraw the $2,500 from the account of appellee, and to give appellee a preference over other depositors of the insolvent bank. To all of these pleadings, appellee pleaded among others, the following defenses:

1. That appellee had no knowledge of the insolvency of the bank when the check transaction occurred.

2. In the alternative, that the pleadings of June 11, 1934, set up for the first time a cause of action for fraud and conspiracy in connection with the check transaction between appellee and Batte, and that such cause of action was barred by the two-year statute of limitation.

3. That because of certain acts and conduct, which will hereinafter be related, the banking commissioner was estopped to assert that the $2,500 was wrongfully withdrawn or was an asset of the insolvent bank.

A trial to the court without a jury resulted in judgment that the banking commissioner take nothing by his suit against appellee, and that appellee take nothing by its cross-action on the guaranty agreement.

Ocie Speer, of Austin, and B. P. Matocha, of Cameron, for appellant.

Geo. E. Kacir, of West, for appellee Farmers Mut. Protective Ass'n of Texas (R. V. O. S.).

BLAIR, Justice.

Appellant, E. C. Brand, state banking commissioner, sued appellee the Farmers

996

■ It will be noted that appellant pleaded for the first time on June 11, 1934, that the check transaction between appellee and Batte on December 17, 1931, was fraudulent and was a conspiracy to withdraw the $2,500, and to prefer appellee as a creditor of the insolvent bank. This cause of action was clearly barred by the two-year statute of limitation (Rev.St.1925, art. 5526), and need not be further noticed in this suit.

■ Appellant presents three propositions based upon one assignment, to the effect that the undisputed evidence showed that at the time of the check transaction between appellee and Batte, on December ·17, 1931, the Cameron State Bank was insolvent; that appellee knew that it was insolvent; and that the effect of the check transaction was to create a preference in favor of appellee of the funds of said insolvent bank.

Appellant did not request the trial court to file findings of fact or conclusions of law, and his above propositions cannot be sustained for the reason that they question only one theory upon which the judgment may have been rendered, and appellee association asserted several separate and distinct defenses to the claim of the banking commissioner, some of which are not attacked by appellant, and are fully sustained by the evidence.

■ This is particularly true of the defense of estoppel pleaded by appellee. In this connection, appellee alleged, and its proof was undisputed, as follows: About ·2:30 p. m. on December 17, 1931, the president of the Cameron State Bank called the banking commissioner over the phone at Austin, Tex., and told him that a "little run" was being made on the bank, and asked him what to do. The banking commissioner instructed him to remain open all day, and to "pay off all checks." Prior to said date and on September 22, 1931, the bank examiner of the banking commissioner had made a full report showing the financial condition of the Cameron ·State Bank. Thereafter the commissioner wrote letters to the bank, stating that an order would be made for closing the bank, unless certain requirements were immediately met. Between the date of the examination and the closing of the bank at the close of business on December 17, 1931, the commissioner sought to compel, and did on December 16, 1931, compel, the Burlington State Bank and the Buckholts State Bank

to withdraw their deposits from the Cameron State Bank, in order that the closing of the Cameron State Bank would not also force the closing of the other two banks. The liquidating agent who took charge of the Cameron State Bank for the banking commissioner knew early in January, 1932, of the $2,500 check transaction between appellee and Batte, and had the transaction credited on the books of the bank in the usual and customary manner, giving Batte credit on his indebtedness to the bank and charging the account of appellee with the amount of the check, leaving a balance in appellee's account of only $49. The banking commissioner then mailed appellee a statement showing its balance to be $49, and requested that it file a claim for that amount against the insolvent bank, which was done. Still later certain depositors of the insolvent bank requested the banking commissioner to institute suit against appellee association to recover the $2,500 involved in the check transaction. This he refused to do, and these depositors sought by mandamus proceedings to compel the commissioner to bring suit against appellee; and the commissioner successfully contested said mandamus proceedings. Appellee then proved up its claim for only $49 against the insolvent bank, and never filed any claim for the $2,500 represented by the check transaction; nor did the banking commissioner or his liquidating agent ever attempt to collect the $2,500 from Batte. Thus it is shown that appellee, because of the above acts and conduct of the banking commissioner, lost or jeopardized its opportunity to file a claim for the $2,500 against the insolvent bank, and lost or jeopardized its right to ever recover on the guaranty agreement, signed by the bank and its several officials. After a change of banking commissioners, this suit was instituted by the new banking commissioner, almost two years after the $2,-500 check transaction was fully known and accepted by the commissioner. Under these facts, the banking commissioner is estopped to assert that the check transaction was not bona fide in every respect. Appellee complied with the reasonable orders of the banking commissioner, and relied upon the acts of the banking commissioner in accepting and crediting the transaction in the regular course of banking business; and the banking commissioner will not now be heard to question such orders and such actions. These facts bring the case within the rule stated in 17 Texas

Jur. 128, § 2, as follows: "The idea or notion which inheres in the word 'estoppel' is that one who by his speech or conduct has induced another to act in a particular manner ought not to be permitted to adopt an inconsistent position, attitude or course of conduct, and thereby cause loss or injury to such other." Mayer v. Ramsey, 46 Tex. 371; Shear Co. v. Wilson (Tex.Com. App.) 294 S.W. 843; Atlanta Nat. Bank v. Map (Tex.Civ.App.) 261 S.W. 191; Austin v. Public Nat. Bank (Tex.Civ.App.) 2 S.W.(2d) 463; Jacobs v. Jefferson Lumber Co. (Tex.Sup.) 15 S.W. 236; Shaw v. Etheridge (Tex.Civ.App.) 15 S.W.(2d) 722; Tenney v. Ballard, Webb & Burnette Hat Co., 17 Tex.Civ.App. 144, 43 S.W. 296 (writ ref.); Booty v. O'Connor (Tex. Civ.App.) 287 S.W. 282.

And since we are clear in the view that the court could have rendered the judgment on the theory that the banking commissioner was estopped from bringing this suit by reason of his acts and conduct above mentioned, it is unnecessary to discuss other questions raised.

The judgment of the trial court will be affirmed.

Affirmed.

McCLENDON, C. J., not sitting.