**WILLIAMS et al. v. HEDRICK.**
No. 3493.

Court of Civil Appeals of Texas.
Beaumont.
July 24, 1939.

Rehearing Denied July 26, 1939.

188

John H. Benckenstein and Jack M. Moore, both of Beaumont, for appellants.

Denman & Fowler, of Nacogdoches, and William E. Kinnear, of Beaumont, for appellee.

COMBS, Justice.

This suit was brought by appellee, Hedrick, as plaintiff and against F. J. DeMary, Brown C. Williams, et al., in the district court of Nacogdoches County, to enforce an abstract of judgment lien against an undivided interest in certain lands in Nacogdoches County. The land involved was an undivided interest inherited by Brown C. Williams from his father, T. J. Williams, who died in 1928. Appellant DeMary claimed title to the land by virtue of a trustee's sale whereby he forclosed a deed of trust lien and purchased the property. The abstract of judgment lien, asserted in this suit by Hedrick, attached prior to the time the deed of trust was given by Brown C. Williams to F. J. DeMary and the controlling question presented by this appeal is whether or not the judgment lien had been waived or cancelled by Hedrick. The facts bearing upon that question were:

January 15, 1927, one J. I. Smith recovered a judgment against Brown C. Williams in the district court of Nacogdoches County for $528.50. An execution issued against Williams was returned

nulla bona and the judgment was duly abstracted on the abstract records of Nacogdoches County June 10, 1927. In 1928, T. J. Williams, father of Brown C. Williams, died and Brown C. Williams inherited the undivided interest here involved. Thereafter, on August 11, 1928, Brown C. Williams gave appellant, F. J. DeMary, a deed of trust on the land to secure a promissory note and thereafter, on March 5, 1931, the debt being unpaid, the trustee, F. I. Tucker, sold the land at trustee's sale and F. J. DeMary became the purchaser of the land here involved, and received and duly recorded the trustee's deed therefor. In 1936, Mrs. Mary Williams Smith, sister of Brown C. Williams, and also owner of an undivided interest in the tract of land, joined with Leo. B. Pitre, agent for the estate of J. L. Williams, which estate also owned an undivided interest in the land, in a contract with the York Oil Field Supply Company, of Houston, Texas, whereby they sold the pipe, casing, rods, etc., in 12 oil wells located on the land so jointly owned, said company to pull the pipe and casing, etc., and pay them certain stipulated prices therefor. After the York Oil Field Supply Company had pulled the pipe, they were notified by letter from Denman & Fowler, attorneys for J. I. Smith, that Smith was the holder of the abstract of judgment lien on the pipe by virtue of his judgment against Brown C. Williams. Whereupon appellee, G. H. Hedrick, went to Nacogdoches and purchased the J. I. Smith judgment against Brown C. Williams and took an assignment of that judgment to himself. The attorneys for J. I. Smith then notified the York Oil Field Supply Company that the judgment which J. I. Smith held against Williams had been assigned to Mr. Geo. H. Hedrick, and that any transaction they might have with Mrs. Mary Williams Smith "is O. K. as far as Smith is concerned. The judgment has been paid and satisfied and Mr. Geo. H. Hedrick of Houston, now holds the judgment." A few days later, January 15, 1937, Geo. H. Hedrick wrote the York Oil Field Supply Company, stating: "This is to advise that all pipe sold to the York Oil Field Supply Company, Inc., from the Williams tract in Nacogdoches County, Texas, by Mrs. M. L. Smith bears a clear title and that I, Geo. H. Hedrick, will stand entirely responsible for any claim or lien up to the amount of Six Hundred ($600.00) Dollars that may arise at any time regarding the sale of the above mentioned pipe." The letter was acknowledged before a notary. Within 20 days after he acquired the J. I. Smith judgment, Geo. H. Hedrick instituted this suit to enforce the abstract of judgment lien against the Brown C. Williams interest in the Williams tract of land in Nacogdoches County. Appellee Stripling Haselwood & Company also asserted an abstract of judgment lien for $65.45 which was inferior to Hedrick's lien, but superior to DeMary's.

It is the contention of appellant DeMary that when Geo. H. Hedrick purchased the judgment from the original judgment creditor, J. I. Smith, and fully satisfied him for the full amount due by the judgment debtor, Brown C. Williams, that the legal effect of the transaction was to extinguish the judgment and the abstract of judgment lien against the Brown C. Williams interest in the land purchased by DeMary at the trustee's sale. In that connection, Mr. Hedrick testified that when he went to Nacogdoches and purchased the judgment he did so for the protection of the Mrs. Mary Williams Smith interest; that he, Hedrick, had an option to purchase Mrs. Smith's interest in the land and he desired to keep her interest clear; and that he did not receive any part of the money paid for the pipe, but the money was paid to Mrs. Smith and Pitre, as per their contract with the York Oil Field Supply Company. Hedrick simply purchased the J. I. Smith judgment, and took a written assignment of it.

The trial was to the court without a jury. The trial court, by his judgment, found that the abstract of judgment lien held by Geo. H. Hedrick, by virtue of the assignment from J. I. Smith, was valid and subsisting; that Geo. H. Hedrick had not altered, released or extinguished it. The judgment proceeded to set aside the trustee's sale to DeMary and to foreclose the superior abstract of judgment liens in favor of Hedrick and Stripling Haselwood & Company against the Brown C. Williams' interest in the land.

### Opinion

We overrule appellant's contention that appellee Hedrick's purchase of the judgment, in case of J. I. Smith v. B. C. Williams, had the effect of extinguishing that judgment. Hedrick was a stranger to that judgment and was in no way bound for its payment, or any part of it. Under the findings of the trial court, Hedrick did

not intend by his purchase to extinguish the judgment but instead intended to keep it alive for his benefit. The finding is abundantly supported. Hedrick took an assignment of the judgment to himself and promptly instituted a suit for its enforcement. By the very terms of the assignment he acquired the lien and the right to its enforcement in all respects, as the original judgment creditor, J. I. Smith.

█ The rule which appellant seeks to invoke is that where one of several defendants against whom there is a joint judgment pays to the holder the entire sum due, the judgment is thereby extinguished, whatever may have been the intention of the parties. 26 Tex.Jur. 495; Huggins v. Johnson, 120 Tex. 21, 35 S.W. 2d 688. This rule applies, it will be noted, to one who is a party to the judgment and jointly bound for its payment. The rule applies also where the payment is made by, and the judgment assigned to, one who simply acts as trustee for the use and benefit of a judgment debtor. Hadad v. Ellison, Tex.Civ.App., 283 S.W. 193. But a different rule applies where the judgment is paid by one who is a stranger to it. In such case the rule is that in the absence of an agreement to the contrary the judgment is extinguished, but the judgment may be kept alive by an understanding that it is to be continued in force for the benefit of the person making the payment. 26 Tex.Jur. 496; Terry v. O'Neal, 71 Tex. 592, 9 S.W. 673. Where there is such an understanding the judgment will be treated as assigned to the person making the payment, or he will be treated as subrogated to the rights of the judgment creditor.

█ In the instant case, Hedrick clearly expressed an intent to keep the judgment alive. He took an assignment of it in writing, which on its face evidenced such intent, and promptly asserted his rights as a judgment creditor in court. In that situation the rule contended for, announced in such cases as Huggins v. Johnson, supra, has no application.

█ Nor is it material that Hedrick may have acted for Mrs. Smith, and for the protection of her interest in purchasing the judgment. She was no more a party to the Smith judgment than Hedrick was and the judgment would have been kept alive had the payment been made by her and the assignment made to her. Hence the rule announced in Hadad v. Ellison, supra, has no application.

█ The judgment of the trial court cancelled the trustee's deed to appellant DeMary, foreclosed the judgment liens of Hedrick and Stripling Haselwood & Co. with order of sale, and directed any surplus after payment of these claims be paid to Brown C. Williams. In this respect the judgment was erroneous. No attack whatever was made on the trustee's sale or the validity of the deed. The judgment liens were superior to the DeMary deed of trust, and by the trustee's sale DeMary acquired the land subject to them. 29 Tex.Jur. pp. 997, 998, and authorities cited. But his deed, nevertheless, conveyed the land to him subject to the encumbrances, and it should not have been cancelled. The judgment should have been foreclosure of Hedrick's and Stripling Haselwood's judgment liens in that order, as against all parties at interest, for sale of the land and application of the proceeds, first to payment of the amounts due Hedrick, and Stripling Haselwood, in order, any balance derived from the sale to be paid to DeMary. Brown C. Williams has no interest in the land and is therefore not entitled to any of the proceeds. But, further, the judgment should have recognized and fixed DeMary's right to satisfy the encumbrances and retain the land.

█ It is necessary to notice one other matter. Hedrick released to York Oil Field Supply Company his judgment lien on the Brown C. Williams interest in the pipe. That interest in the pipe belonged to DeMary, subject to the liens, and Hedrick had no right to release it to the prejudice of DeMary. Accordingly, DeMary should be allowed to redeem his land by paying to Hedrick the amount of the J. I. Smith judgment, less the value of the pipe, and by paying to Stripling Haselwood the amount of their judgment. The value of the interest in the pipe so released and sold should be ascertained and the amount deducted, as of the date of the release, from the total amount of the J. I. Smith judgment, in fixing the amount which DeMary must pay to redeem his land.

Accordingly, the judgment of the trial court is affirmed in favor of Leo B. Pitre and also in so far as it established the judgment liens of Hedrick and Stripling Haselwood & Company and adjudged them superior to DeMary's title. But in so far as the judgment cancelled DeMary's

deed and denied him the right to retain the land by paying off the encumbrances, or to the residue of the proceeds of the sale, in the event of sale, remaining after the amounts adjudged· to be paid to Hedrick and Stripling Haselwood & Company are paid, the judgment is reversed and the cause remanded with instructions to ascertain the value of the Brown C. Williams interest in the pipe released to York Oil Field Supply Company and enter judgment in accordance with the holdings hereinabove announced.

Affirmed in part and in part reversed and remanded with instructions.