MURRAY et al. v. POWELL.

No. 9028.

Court of Civil Appeals of Texas. Austin.

June 25, 1941.

Kerr & Gayer, of San Angelo, and Joab Campbell, of Eldorado, for appellants.

M. E. Sedberry, of San Angelo, and Newman & McCollum, of Brady, for appellee.

BAUGH, Justice.

Suit was by appellee against appellants and others in trespass to try title, and to remove cloud from title to 640 acres of land in Sutton and Schleicher Counties. Trial was to the court without a jury and judgment rendered for plaintiff; hence this appeal.

The facts are without material controversy. The following chain of title, not necessary to trace prior to 1913, was shown:

Yoas, purchaser from the State, conveyed this land to S. E. McKnight on July 18, 1913. On the same day McKnight conveyed it to J. F. Logan, who executed in part payment therefor six vendor's lien notes for $640 each, maturing one each year on November 15, 1914, to 1919, inclusive, and assumed payment of the remaining purchase money ($624) due the State. On October 9, 1914, Logan conveyed the land to Coll Bramblett, who assumed the payment of all of said vendor's lien notes, and of the purchase money due the State.

In 1917 the Page Woven Wire Fence Company, a corporation, sued S. M. Bates and Coll Bramblett, in the District Court of Schleicher County, on a promissory note executed by them; and on March 5, 1917, levied an attachment on said section of land as the property of Bramblett. On March 27, 1917, judgment was rendered in that suit against Bates and Bramblett for $362.57, foreclosing said attachment lien and ordering the land sold by the Sheriff of Sutton County. Pursuant to this judgment and order of sale, the Sheriff of Sutton County made legal sale thereof to S. E. McKnight for $1,000, executed a deed conveying the land to McKnight, paid off the judgment debt, and paid over the balance of the purchase price ($596.83) to Coll Bramblett.

McKnight, who was the holder of all of said vendor's lien notes, and who testified upon the trial that none of them was ever paid, immediately went into possession of said lands, then under fence, and continuously thereafter used and occupied said lands, either himself or through tenants, claiming to own same and paid all taxes thereon and interest due the State up to 1934, when he sold and conveyed same to Virgil Powell, appellee, herein, who continued thereafter to use, occupy, claim ownership thereto, and to pay all taxes and the interest due the State.

Sometime between the time Bramblett purchased the land and the date of the Fence Company's judgment against him, Bramblett's wife died intestate, leaving five children, not necessary to name here. Coll Bramblett and these children and their unknown heirs were made parties defendant. Coll Bramblett and one son, James Bramblett, were cited personally, and all others cited by publication. James Bramblett defended through attorneys of his choice; and an attorney ad litem was appointed by the court to represent the defendants cited by publication. This appeal is prosecuted by James Bramblett through his attorneys joined by the attorney ad litem for the defendants cited by publication.

The first contention made by appellants is that the sale and conveyance to McKnight by the Sheriff of Sutton County under the order of sale issued out of the District Court of Schleicher County was valid only as to the portions of land situated in Sutton County; and was void as to that portion of said lands situated in Schleicher County, in that the Sutton County Sheriff was without authority to sell lands under execution or or-

der of sale located outside of his own county. Such is the holding in Alred v. Montague, 26 Tex. 732, 84 Am.Dec. 603. Such a defense by Bramblett against the sale, if seasonably urged, would undoubtedly have been good. It may be seriously doubted, however, whether, without a special plea of such a defense to the instant suit set up by the appellants, they are entitled to urge it on appeal, under a general plea of not guilty.

■ It is not controverted by appellants, however, that the debt of Bramblett to the judgment creditor was a community debt; that the property involved was community property; and was liable for such debt even after the death of Bramblett's wife. Consequently, Bramblett could have sold the entire community interest in said land to pay such community debt, either to someone else or could have reconveyed the land to McKnight in cancellation of the vendor's lien notes, and the additional $1,000 paid by McKnight, all of which, except the amount of the judgment, was paid over to him by the Sheriff of Sutton County. And such a conveyance would have passed full title to the land and would have been binding on the children, who are appellants here. He could also have ratified the sale by the Sheriff of the land to McKnight, and thus have accomplished the same result. His disclaimer, when made a party defendant to the instant suit, should, we think, be construed and held to be such a ratification, binding upon the children, and as recognizing that by purchase at execution sale in 1917 McKnight acquired whatever equity the community estate of Bramblett and his wife then had in the property.

But if the Sheriff's deed to McKnight as vesting complete title in the latter be disregarded, we think the trial court was authorized to find, under the undisputed evidence, that Bramblett entirely abandoned his executory contract of purchase of this land, treated the same as extinguished, and as reinvesting in McKnight whatever right, claim or title the community estate had to this land. He was manifestly compensated for whatever equity he then had in the land. The deed to Bramblett recited that he paid $640 in cash and the remainder of the purchase price was the assumption by him of payment of the $3,840 in vendor's lien notes held by McKnight, and the moneys due the State. So far as the record shows he had the use of this land from October, 1914, until McKnight went into possession of it in 1917. McKnight's testimony was that he paid, during that time, neither interest nor taxes. Under McKnight's purchase at Sheriff's sale he was paid $596.83, which, together with his use of the land, clearly reimbursed him for whatever he had paid, thus extinguishing whatever equity he may have had.

■■ His failure to resist the sale under the attachment lien, his acceptance of the moneys thereunder paid by McKnight, his removal from the lands, or surrender thereof, the entry into possession thereof by the vendor McKnight, manifestly with full knowledge of Bramblett, and his continuation in peaceable possession for a period of some seventeen years, the fact that McKnight never thereafter asserted any claim under his vendor's lien notes nor undertook to collect them, combined with the fact that when sued herein, Bramblett disclaimed any interest in any of said land, authorized the trial court to find, if indeed it does not conclusively show, a complete abandonment by both McKnight and Bramblett of the executory contract of sale, and amounted to rescission of it, without the necessity of a suit for that purpose. It is now settled that such contracts may be extinguished by abandonment. "The abandonment may be by parol. A relinquishment in writing is not necessary." Hill v. Preston, 119 Tex. 522, 34 S.W.2d 780, 784; Yates v. Darby, 133 Tex. 593, 131 S.W.2d 95, 99; 43 Tex.Jur, § 191, p. 325. That being true, McKnight reacquired complete title to the land in 1917. This conclusion renders unnecessary a consideration of title by limitation also pleaded by appellee, as against the minor children of Bramblett who had attained their majority less than ten years before this suit was filed.

■■ Complaint is also made that the $25 allowed by the trial court to the attorney ad litem appointed to represent the defendants cited by publication, and taxed against the plaintiff as costs, is inadequate. No evidence was offered on this issue, no request made to increase it in case of appeal, and such attorney ad litem appears to have merely filed a general demurrer and plea of not guilty. The trial was conducted by counsel for plaintiff and counsel employed by the only defendant personally cited. It is now settled that the Court of Civil Appeals is without authority to fix such fee or increase that fixed by the trial court. The action of the trial court in such matter will not be disturbed, absent a showing of a clear abuse of discretion or of manifest injustice. Tex-

on Oil & Land Co. v. Hanszen, Tex.Civ. App., 292 S.W. 563; Gross v. White, Tex. Civ.App., 67 S.W.2d 895; Smith v. Texas Co., Tex.Com.App., 53 S.W.2d 774, 778; 5 Tex.Jur., § 126, p. 539. No such case is here presented.

Finding no error in the record, the judgment of the trial court is affirmed.