STEGER et al. v. KELLEY.[†]

(Court of Civil Appeals of Texas. April 8, 1911. Rehearing Denied April 29, 1911.)

1. MORTGAGES (§ 319*)—PAYMENT AND DISCHARGE—EVIDENCE.

In an action to enjoin foreclosure of a trust deed, securing notes for the price, where the notes were made payable to D., or order, and the transaction was had through S., who was D.'s representative, evidence *held* sufficient to warrant the finding that the notes were paid by S. accepting cash and an insurance policy in settlement.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 319.*]

2. PRINCIPAL AND AGENT (§ 123*)—AUTHORITY OF AGENT.

Evidence *held* sufficient to show that an agent was authorized to receive payment of certain notes, in part cash, and for the balance accept insurance policies, or at least that his act was ratified by his principal.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 123.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by R. L. Kelley against Ed. D. Steger and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Looney & Clark, for appellants. J. G. Matthews and Neyland & Neyland, for appellee.

RAINEY, C. J. This suit was brought by appellee, R. L. Kelley, against the appellants Ed. D. Steger, trustee, and Laura Krause and husband, beneficiaries, to enjoin the sale of land under a trust deed executed by said Kelley to secure certain promissory notes purporting to have been given for the purchase price of land. The allegations, in effect, were that the land was part of appellee's homestead; that 10 years had elapsed

after the maturity of the notes before any attempt to execute the trust deed; and that the notes had been paid in full.

Appellants answered by general demurrer, general denial; that the notes were executed for loaned money to pay off the purchase money notes; that Kelley had executed for the purchase price of the land mentioned in said deed of trust; and that appellant was subrogated to the vendor's lien, etc.; and that the said notes had never been paid and discharged, but that the same were still due and unpaid.

A trial resulted in a verdict and judgment for Kelley, and appellants appeal.

The controlling issue in this case is, Were the notes executed by Kelley paid off and discharged, as claimed by him? The notes were executed on March 18, 1890, and made payable to Eli Dubois, or order. The transaction was had through Ed. D. Steger, the representative of Dubois. In 1901 Kelley claims he had a final settlement with Ed. D. Steger, who still represented the heirs of said Eli Dubois, in which settlement said notes were fully paid off and discharged. That he paid to said Steger $350 in cash, and delivered to him an insurance policy, paid up, and valued at $750. That said cash and said policy were received by Steger in full settlement of said notes. Steger claims that said policy was taken only as collateral security and so held by him, and was not taken as a payment on the notes.

[1, 2] The contention is made that Ed. D. Steger was only authorized to loan and collect money, and had no authority to receive in settlement of said notes the insurance policy in payment of same. The evidence shows that Ed. D. Steger, when the notes were executed, was representing Eli Dubois and continued so to do until the death of Dubois, and afterward represented Mrs. Krause in the same way. He was lending and collecting her money for a long number of years. He stated that: "I have been managing her business to the amount of about $100,000. Whatever I have collected and whatever I have done has been satisfactory to my clients, and met with their approval. Mrs. Krause comes to Bonham sometimes once or twice a year; has been there several times; and she has made no objection to whatever trades or collections I have made in regard to her affairs." In 1901, when the final settlement is claimed to have been made, Kelley delivered into the possession of Steger said insurance policy, and it has been held by Steger, or Mrs. Krause, ever since. From that time until said land was advertised under the trust deed, six or seven years, no demand was made on Kelley for payment of said notes, nor any effort made to collect same. Under the circumstances the jury were warranted

in finding that the said insurance policy had been received in payment of said notes; that Steger was authorized to so receive it, or, in any event, that his act in so receiving had been ratified by his principal.

The holding that the notes had been paid off and discharged settles this case against the appellants, and therefore we think it unnecessary to discuss the other assignments of error, as they do not affect the case.

The judgment is affirmed.