**SHAW, Banking Com'r, v. ETHERIDGE.**
(No. 755.)

Court of Civil Appeals of Texas. Waco.
March 14, 1929.

Rehearing Denied April 4, 1929.

L. C. Sutton, of Austin, for appellant.
Collins & Dupree, of Hillsboro, for appellee.

STANFORD, J. This suit was instituted by Chas. O. Austin, the then banking commissioner, on November 30, 1926, against appellee, to set aside an order of dismissal of a suit formerly instituted in the same court by appellant's said predecessor in office against appellee, said former suit being No. 11580, and praying that said order of dismissal be set aside and that said commissioner be permitted to prosecute his cause of action in one suit to final judgment, either as originally numbered on the docket, or as the court might determine, and that he recover of and from the defendant the sum of $2,000, with legal interest, and for relief as prayed for in the original petition in said cause No. 11580.

Said commissioner in the instant case alleged, in substance, that on December 13, 1920, the First State Bank of Penelope, Tex., was closed and placed in the hands of the commissioner of insurance and banking for

liquidation purposes; that on January 14, 1921, the commissioner levied an assessment of 100 per cent. against the stockholders of said bank; that on August 24, 1922, suit No. 11580 was ·filed against Etheridge, one of the stockholders, to collect a stock assessment of $2,000; that thereafter, on November 9, 1925, said cause was dismissed from the docket without authority; and that on November 30, 1926, the present suit was filed to reinstate said cause and to try same on its merits. The principal ground alleged for such relief was that said commissioner's attorneys settled said former case for $1,000, which was paid by appellee, and that his said attorneys were not authorized to make such settlement, and dismissal was in pursuance of said unauthorized settlement, etc. Appellee, in addition to a general demurrer, special exceptions, and general denial, pleaded the settlement of said cause for $1,000, and that he had paid said $1,000, and thàt the commissioner by and through his duly authorized agents and attorneys, not only made said settlement, but accepted said $1,000 before the commencement of this suit, and had retained same. The appellant, James Shaw, commissioner of banking, was substituted as plaintiff in lieu of his predecessor on September 1, 1927. The pleadings and evidence will be set out more fully in the course of this opinion where found to be necessary. The case was tried before the court without a jury on July 17, 1928, and judgment rendered for appellee, from which judgment appellant has duly appealed, and presents the record here for review.

The court filed no findings of fact. and was not requested to do so. However, there is a statement of facts with the record. The trial court incorporated in ·his judgment the finding "that plaintiff is not entitled to set aside the judgment of dismissal rendered in cause No. 11580 on the 9th day of November, 1925, on the docket of said court, and that plaintiff is not entitled to the relief prayed for in his pleadings." By his fifth assignment of error and propositions submitted thereunder, appellant challenges the sufficiency of the evidence to support the above findings of the court and the judgment rendered thereon.

This was an equitable proceeding to set aside an order of dismissal and to try the case upon its merits. So there were two issues involved, to wit. the right to have the order of dismissal set aside, and the right of appellant to recover, if said order was set aside, upon the cause of action alleged. It was proper, as was done in this case, for both said questions to be determined in one and the same proceeding. Squyres v. Rasmussen et al. (Tex. Civ. App.) 296· S. W. 977; Green v. Green et al. (Tex. Com. App.) 288 S. W. 406; Bell et al. v. Cobb (Tex. Civ. App.) 296 S. W. 976; Smith v. Kraft (Tex. Civ. App.) 9 S.W. (2d) 472. Both issues here involved were issues of fact, and will be considered together.

The record shows the original suit, No. 11580, was filed on August 24, 1922, to recover of appellee $2,000; that the case was continued or passed from term to term of said court until on or about October 30, 1925, when settlement for $1,000 was made by appellee with the then commissioner's attorneys, duly employed and representing said commissioner at said time, and also with the approval of the liquidating agent of the then commissioner, which said agent, as shown by ample evidence, was fully authorized to make said settlement, and with the apparent approval of the then commissioner himself, and said $1,000 paid to said commissioner's attorneys. Thereafter, on November 9, 1925, the following order of dismissal was entered:

"On this, the 9th day of November, A. D. 1925, the above styled and numbered cause being called in open court, for reasons presented to this court, the court is of the opinion that said cause should be and the same is hereby in all things dismissed from the docket of this court at the cost of the plaintiff herein."

No motion to set aside the order of dismissal and for a new trial was filed, and no effort made to appeal from said order or in any way at any time to have same vacated, until the filing of this suit on November 30, 1926, more than a year after the order of dismissal of said original suit, and after five or six terms of said court had passed. A judgment of dismissal is as final for the purposes of an appeal as is a judgment on the merits. A motion to reinstate such cause is in legal effect a motion for a new trial. See Green v. Green et al. (Tex. Com. App.) 288 S. W. 406. It is true, appellant had the right to bring this suit at a subsequent term to set aside the judgment of dismissal and try the cause; but, as stated above, such proceeding is an equitable one, and to entitle him to such relief it was incumbent upon him to allege and prove that the entry of said order was the result of fraud, accident, or mistake, or the wrongful act of the adverse party, without fault or negligence on his part. Goss v. McLaren, 17 Tex. 107, 67 Am. Dec. 646; Plummer v. Power, 29 Tex. 7; Vardeman v. Edwards, 21 Tex. 737; Overton v. Blum, 50 Tex. 417; Johnson v. Templeton, 60 Tex. 239; Nevins v. McKee, 61 Tex. 413; Harn v. Phelps, 65 Tex. 592; McMurray v. McMurray, 67 Tex. 665, 4 S. W. 359; Jordan v. Brown (Tex. Civ. App.) 94 S. W. 398; Green v. Green (Tex. Com. App.) 288 S. W. supra. The record shows that the same attorneys who represented the commissioner at the time the original suit No. 11580 was filed against appellee, and who also represented him at the time said cause was settled and dismissed, also represented said commissioner in some ten· or twelve similar suits against other parties growing out of the same bank failure, and which suits were filed by said attorneys about the same time said original suit was

filed against appellee; that five of said suits were filed in Dallas county, one in McLennan county, and five or six in Hill county; that two of said cases were tried and lost, but on appeal reversed and remanded to be retried; that, after all of said cases had been on the docket two or three years, two tried and both lost, with no success in effecting collections, and it being doubtful as to the solvency of the defendants in said cases, the representatives of the commissioner began negotiations for settlements in all said cases; whereupon Mr. Ford, the liquidating agent of the commissioner, who had by the commissioner been charged with the special duty of winding up the affairs of said defunct bank, in connection with the said attorneys who had filed all of said suits, began negotiations and finally reached an agreement for settlement of all said cases on the basis of less than 50 per cent. of the amount for which said suits were brought. Under said agreement all of the cases, including the one against appellee, were to be settled for $10,000; the claim involved against appellee being estimated at $1,000. At the time said settlement was to be closed appellee did not have the entire amount of his $1,000, so the claim against appellee was left out, and settlements for less than 50 per cent. closed with the others for $9,000, which was approved by the commissioner. Afterward, appellee having raised the $1,000 he was to pay, appellant's said liquidating agent, in connection with said commissioner's attorneys who had filed all of said suits and been representing the commissioner therein for some three years, closed the settlement with appellee for said $1,000, which appellee paid to the commissioner's attorneys, and which neither the commissioner nor his attorneys have ever offered to return. The record shows further that the commissioner's attorneys promptly reported this settlement to the commissioner, whereupon he wired his attorneys refusing to approve said settlement. Two of the commissioner's said attorneys then went to Austin to confer with him about said settlement. On arrival at his office, said attorneys were informed by another employee that Mr. Lewis, the assistant banking commissioner, had charge of the matter and he was the proper party to see. They then saw Mr. Lewis and laid the matter fully before him, and the evidence is sufficient to show that Mr. Lewis fully approved said settlement and informed said attorneys that he would lay the matter before the commissioner, and, if it was not satisfactory to him, he (Lewis) would write them in a day or two so notifying them. The commissioner's said attorney returned to Waco, and, receiving no notice to the contrary, supposed the commissioner had approved said settlement, and some ten days thereafter, still having heard nothing, permitted said original cause to be dismissed.

■■ As above stated, both questions, the right of appellant to have the order of dismissal set aside, and, if so, the right of recovery, were questions of fact for the trial court, and, the case having been tried before the court, his findings on said issues of fact, if supported by evidence, are binding upon us, in like manner as if same had been findings of a jury. While we have not attempted to set out all the evidence bearing upon the issue as to whether the commissioner's liquidating agent and attorneys had authority from the commissioner to make said settlement at the time it was made, we think the above is sufficient to support the implied finding that they did have such authority, and that the finding of the court that appellant was not entitled to recover, if the case had been reinstated, is fully authorized by the evidence. D. M. Osborne & Co. v. Gatewood (Tex. Civ. App.) 74 S. W. 72; Steger et al. v. Kelley (Tex. Civ. App.) 136 S. W. 824, writ refused; Chapman v. Ellis (Tex. Civ. App.) 289 S. W. 189. The negotiations resulting in the settlement extended over a considerable length of time, and were participated in by different representatives from the commissioner's office, and were finally consummated by said attorneys in conjunction with Mr. Ford, whose special duty was to wind up the affairs of said defunct bank, and who did settle many other claims arising out of the same bank failure and on the same basis as the claim against appellee was settled, all of which other settlements were approved by the then commissioner. We think, also, if said attorneys and the liquidating agent did not have express authority to make said settlement, the testimony is sufficient to show he ratified same. The evidence shows that, after it had been made and reported to the commissioner, and by him disapproved, said attorneys conferred with Mr. Lewis, the assistant commissioner, and fully explained same to him, and he expressed his approval, and agreed to explain it fully to the commissioner, and, if he failed to approve, to notify said attorneys in two or three days, and said attorneys never heard anything more from the commissioner or any one from his office in reference to said settlement for a year or more after the settlement was made and the case was dismissed, not until a controversy arose between the commissioner and his attorneys in reference to their fees for legal services rendered by them for him in the numerous suits filed, as above stated.

■■ The commissioner contends further that the settlement was void because not authorized nor approved by an order of the proper district court, as required by law. But, as the settlement was in fact made, and, as the court upon sufficient evidence impliedly found, with approval of the commissioner, and the $1,000 paid to the commissioner, or at least to his attorneys, and no offer made to return it, he is estopped, while holding said $1,000 and not offering to return same,

to contend that he received same by an illegal settlement made or approved by himself, and he cannot in this, an equitable proceeding, be permitted to take advantage of his own wrongful conduct in making said settlement. Appellant does not contend either by pleading or evidence that the dismissal of the original cause was the result of accident or mistake. Neither does he contend by either pleading or evidence that said dismissal was the result of any wrongful conduct whatever on the part of appellee or appellee's attorneys. As far as the record shows, appellee and his attorneys, in making said settlement and in paying said $1,000, acted in perfectly good faith, and appellant makes no contention to the contrary either by pleading or evidence. In fact, the commissioner does not contend that in making said settlement any one connected therewith was guilty of fraud or acted in bad faith. His sole contention, in substance, is that his own attorneys, without authority from him, made the settlement and collected for him $1,000, which he or his attorneys still have; and, without offering to return any part of said money in the possession of himself or his said attorneys, he appeals to a court of equity to set aside said settlement and the order of dismissal and require appellee to pay the $2,000 for the recovery of which the suit was originally brought, together with some seven years' accrued interest and all court costs, in addition to the $1,000 he now has. He that comes into a court of equity must come with clean hands. Appellant showed no diligence. The settlement was reported to the then commissioner some ten days before the order of dismissal was entered. He gave no attention to the case or order of dismissal until about the time this suit was filed, more than a year after the order of dismissal was entered.

We do not think appellant made a case by either pleading or evidence requiring the interposition of equitable principles to set aside a judgment of dismissal after the expiration of the term at which it was rendered, nor showed any right of recovery, if it had been reinstated.

The judgment of the trial court is affirmed.