

# NUMBER 13-05-468-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DEAN'S CAMPIN' CO.,**                                             **Appellant,**

**v.**

**PETER HARDSTEEN, ET AL.,**                                        **Appellees.**

---

**On appeal from the 278th District Court of Grimes County, Texas.**

---

# MEMORANDUM OPINION

### Before Justice Benavides, Vela, and Wittig[1]
### Memorandum Opinion by Justice Wittig

Based upon a party's motion, the trial court dismissed this cause for want of

prosecution after remand. This is the second appeal of this case. In the first appeal,

appellant, Dean's Campin' Co., successfully argued to the Houston Court of Appeals that

---

[1]Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

it should be entitled to statutory retailer indemnity against appellee Rexhall Industries. *See Dean's Campin' Co. v. Hardsteen*, No. 01-00-01190-CV, 2002 WL 1980840, *1 (Tex. App.–Houston [1st Dist.] Aug. 29, 2002, pet. denied) (not designated for publication). It also successfully argued that its cross claims against appellees, Peter Hardsteen and Texas Farm Bureau, were improperly dismissed. *Id.* The Houston court ruled that appellant was entitled to indemnity against Rexhall and remanded for determination of the amount of appellant's attorney's fees and costs, which were improperly denied by the trial court. *Id.* The court also reversed and remanded the trial court's dismissal of the cross claims of Hardsteen and Texas Farm Bureau.[2] To date, the trial court has not complied with the original mandate of the court of appeals to award costs wrongfully denied to appellant in the original judgment and to determine the amount of attorney's fees under section 82.002(a) of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a) (Vernon 1997).

In a single issue, appellant asserts that the trial court abused its discretion by dismissing appellant's claims against appellees for want of prosecution after the claims were remanded. We agree and reverse and remand.

## I. Jurisdiction

Appellees claim that this Court lacks jurisdiction to hear this appeal. The Houston Court of Appeals issued its mandate on September 29, 2003. When appellant requested mediation or a trial setting in June, 2004, appellees immediately filed a motion to dismiss

---

[2] We note the appellate court's finding that the trial court "heard only minimal argument" on the motions to dismiss based upon surprise, and that appellees offered no evidence to support their claim of surprise. *Id.*

2

for want of prosecution.  A hearing was held August 13, 2004, some ten months after the appellate court mandate was filed with the trial court. The first order of dismissal was then signed the same day.  Appellant's motion for rehearing was granted, and the case was reinstated and ordered to mediation on October 8, 2004.

On October 12, 2004 appellees filed a motion to vacate the order of reinstatement. Appellees gave notice of oral hearing on their Joint Motion to Vacate the Court's Order of Reinstatement and Order for Mediation for November 12, 2004.  Yet on November 4, 2004, the trial judge signed two conflicting orders, one of which appellees admit is interlocutory.[3] The record reflects no notice of hearing either on November 4, 2004, when the court signed the conflicting orders, or on November 12, 2004, the date appellees initially notified the parties that a hearing would be held.  According to appellant, the hearing was re-noticed to be heard on December 16, 2004, and, again, the matter was requested to be moved to January 14, 2005.  In any event, the trial court signed the conflicting orders on November 4, 2004, without a hearing or notice to the parties, and apparently did not grant a hearing on any of the requested dates.  The court made no docket entry regarding its conflicting rulings on November 4, 2004.

One of the November orders denied appellees' motion to vacate the order reinstating the case and ordering mediation while the other order granted the same motion, reinstating the prior order of dismissal.  Appellees argue that the order reinstating the prior dismissal was a final judgment and began appellant's timetable for appeal.  We disagree.

Between the time of the conflicting November 4, 2004 orders and the final order of

---

[3] Appellees argue that one of the orders signed that day was interlocutory while the other order was somehow a final appealable judgment.  As discussed herein, we conclude that both orders are interlocutory.

dismissal, dated March 11, 2005, the parties continued to serve discovery and file objections to discovery. During that same period of time, the trial court issued a memorandum to the parties directing them to determine the status of the case.

First, we must determine whether the trial court's dismissal order(s), which were outside of the scope of the appellate mandate in this case, are void or merely voidable. *See In re State*, 159 S.W.3d 203, 206 (Tex. App.– Austin 2005, orig. proceeding). In *Madeksho v. Abraham, Watkins, Nichols, & Friend*, 112 S.W.3d 679, 685 (Tex. App.–Houston [14th Dist.] 2003, pet. denied) (en banc), the Houston Court of Appeals thoroughly discussed this issue and concluded that a trial court may abuse its discretion by issuing an order beyond the scope of an appellate mandate, but that the issue of subject-matter jurisdiction is not raised. *See id.* The Dallas Court of Appeals had previously expressed the opposite position. *See Dallas County v. Sweitzer*, 971 S.W.2d 629, 630 (Tex. App.–Dallas 1998, no pet.); *cf. Kenseth v. Dallas County*, 126 S.W.3d 584, 599 (Tex. App.–Dallas 2004, pet. denied) (holding an order was not void where trial court misinterpreted mandate).

In the past, a number of courts have held that in cases involving remand with specific instructions, the district court is limited to complying with the instructions and cannot relitigate issues controverted at the former trial. *Seydler v. Keuper*, 133 S.W.2d 189, 190 (Tex. Civ. App.–Austin 1939, writ ref'd). The district court's authority is limited to trying only those issues specified in the mandate. *V-F Petroleum v. A.K. Guthrie Op. Co.,* 792 S.W.2d 508, 510 (Tex. App.–Austin 1990, no writ); *Texacally Joint Venture v. King*, 719 S.W.2d 652, 653 (Tex. App.–Austin 1986, writ ref'd n.r.e.). Where an appellate court

4

reversed and remanded a case for entry of a judgment nunc pro tunc, and a party then filed a motion for remittitur with the trial court, the trial court correctly denied the motion; the trial court had jurisdiction only to enter the nunc pro tunc judgment. *Seydler*, 133 S.W.2d at 190 (citing *Wingfield v. Bryant*, 614 S.W.2d 643, 645 (Tex. Civ. App.–Austin 1981, writ ref'd n.r.e.) ("It did not have the jurisdiction to change the judgment in any other manner."); *see Los Campeones, Inc. v. Valley Int'l*, 591 S.W.2d 312, 313-14 (Tex. Civ. App.–Corpus Christi 1979, no writ) (a trial court's hearing and order after issuance of an appellate court's mandate exceeded the mandate's scope and involved more than ministerial duty of enforcing the judgment); *Brock v. Briggs*, 223 S.W.2d 645, 647 (Tex. Civ. App.–San Antonio 1949, no writ) (where an appellate court reversed and remanded with instructions for rendition of judgment, and motions were filed to set aside the judgment, the trial court was required to carry out the appellate court's direction); *see also Martin v. Credit Protection Ass'n*, 824 S.W.2d 254, 256 (Tex. App.– Dallas 1992, writ dis'm, w.o.j.).

Prior to the Texas Supreme Court's decision in *Dubai*, many jurisdictions held that when an appellate court renders a judgment, the district court has no jurisdiction to review or to interpret it. *See Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 75 (Tex. 2000) (all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere); *see, e.g., Myers v. Myers*, 515 S.W.2d 334, 335 (Tex. Civ. App.–Houston [1st Dist.] 1974, writ dism'd w.o.j.) ("It must observe and carry out the mandate of the appellate court. Its orders carrying out the mandate are ministerial.") (citing *Conley v. Anderson*, 164 S.W. 985 (Tex. 1913)); *see also*

5

*Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex. App.–San Antonio 1984, no writ).  In *Dubai*, the court observed that "the modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction." *Dubai*, 12 S.W.3d 76 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 11 cmt. e, at 113 (1982)).  "Jurisdiction refers to a court's authority to adjudicate a case." *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003).  So long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void.  *Id.*; *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990).  "A court's action contrary to a statute or statutory equivalent" that does not involve jurisdiction merely renders the judgment voidable so that it may be "corrected through the ordinary appellate process or other proper proceedings." *Reiss*, 118 S.W.3d at 443.

We therefore conclude that the trial court had subject matter jurisdiction even if it erroneously ignored the mandate of the Houston court of appeals.  *Madeksho* 112 S.W.3d at 685; *In re State*, 159 S.W.3d at 205; *see also Dubai*, 12 S.W.3d at 76.

## II.  Final Judgment

Appellees contend that one of the conflicting orders of November 4, 2004 disposes of all claims and states with "unmistakable clarity" that it is a final judgment.  *See Guajardo v. Conwell*, 46 S.W.3d 862, 863-64 (Tex. 2001) (holding that a judgment is final  for purposes of appeal "if and only if either it actually disposes of all claims and parties then before the court, or it states with unmistakable clarity that it is a final judgment.").  First, we note the order does not state with unmistakable clarity it is a final judgment.  Rather, it provides in part "the Court's order of Reinstatement and Order for Mediation of October 8,

6

2004 is vacated" and "the Court's order of dismissal dated August 13, 2004, is reinstated and this case is dismissed for want of prosecution as to all claims asserted in the cause by Dean's Campin' Co. against Texas Farm Bureaus (sic) Insurance Companies, Peter Hardsteen, Pauline Hardsteen, and Rexhall Industries, Inc." Contemporaneously, the same trial judge, on the same day, and at the same time, signed a conflicting order denying the same motion to reinstate the dismissal order.[4] Thus, one order sought to dispose of all claims and the other order continued all claims by Dean's Campin' and seemingly ordered mediation and a trial setting. What is unmistakable is the total absence of clarity.

Appellees also argue that the apparently conflicting order purporting to deny the motion to vacate the earlier reinstatement "has no effect on the finality of the November 4, 2004 order dismissing Dean's claims for want of prosecution." Appellees cite no material authority for this argument, other than the maxim that there can be only one final judgment. *See Dickerson v. Mack Fin. Corp.*, 452 S.W.2d 552, 555 (Tex. Civ. App.–Houston [1st Dist.] 1969, writ ref'd n.r.e.) (citing *Mullins v. Thomas*, 136 Tex. 215, 150 S.W. 2d 83 (1941) (rule of procedure 301, provides that only one final judgment can be entered in a suit; after a judgment meeting the test of a final judgment has been entered in a cause, the entry of a second final judgment in the same case is not a vacation of the first, and if there is nothing to show that the first is vacated, the second is a nullity). Appellees also cite *Gholson v. Thorn*, 597 S.W.2d 568, 569 (Tex. Civ. App.–Dallas 1980, no writ), holding that when two judgments appear in the record and the second does not

---

[4] As noted, the two conflicting orders were signed without a hearing. No docket entry was made. The clerk's file stamp is dated November 10, 2004, and time marked 3:33 PM on both orders. According to appellant's brief, the trial court was quoted in a memo as saying "this is the most mixed up mess. . . ."

7

purport to vacate the first, the first judgment is effective to start the time for appeal, and the second is void.

Appellees further cite *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (an order that merely grants a motion for judgment is in no sense a judgment itself), and *S. Tex. GMAC Real Estate v. Cohyco, Inc.*, 124 S.W.3d 321, 325 (Tex. App.–Corpus Christi 2003, no pet.) (notice of appeal, filed seventy-six days after the trial court signed the final judgment, was untimely). Both cases are inapplicable because in neither case did the trial court grant and deny the same relief on the same day with incompatible orders.

Appellees' argument rests upon a faulty premise that there was, in fact, an earlier final judgment dated November 4, 2004. They fail to address the fact that the conflicting orders obviate one another because a trial judge cannot grant and deny mutually exclusive remedies at the same time. *See, e.g. Houston v. Adams*, 269 S.W.2d 572, 577 (Tex. Civ. App.–Galveston, 1954, no writ) (party cannot obtain an advantage available to it only under one asserted remedy without thereby irrevocably electing to pursue that remedy to the exclusion of all remedies inconsistent therewith). In discussing an analogous situation involving inconsistent remedies, the Supreme Court held that an inconsistency will bar an action in instances of manifest injustice. *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851 (Tex. 1980). "Even though the inconsistent position may not fit the mold of a better defined principle, an election will bar recovery when the inconsistency in the assertion of a remedy, right, or state of facts is so unconscionable, dishonest, contrary to fair dealing, or so stultifies the legal process or trifles with justice or the courts as to be manifestly unjust." *Id.*

8

The trial court conducted a further hearing March 11, 2005, at the behest of appellees. At that time the court signed a final order indicating "the Court's order of dismissal dated August 13, 2004 was reinstated as of November 4, 2004, and this case was dismissed for want of prosecution as to all claims. . . ." Appellees again argue that the signing of a second judgment, reaffirming an earlier judgment, cannot extend appellant's time table, citing *Stephens v. Henry S. Miller Co.*, 667 S.W.2d 250, 252 (Tex. App.– Dallas 1984, writ dism'd by agr.) (trial court may not enlarge the time for perfecting an appeal by making an order that simply affirms a former order) (citing *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex. 1973)). *Stephens* also notes that rule 306a provides that the date a judgment is signed as shown of record determines the beginning of the periods prescribed by the rules for filing various documents in connection with an appeal, but does not determine what constitutes rendition of a judgment or order for any other purpose. *Id.*

Appellees conclude that the third dismissal/clarification order signed March 11, 2005 was void because the second dismissal order of November 4, 2004 was a final judgment. However, in its March 11, 2005 order, the trial court acknowledged that it "considered the conflicting Orders of this Court signed November 4, 2004." It then concluded that the order granting the Joint Motion to Vacate the Court's Order of Reinstatement and Order for Mediation "is the binding Order." It stated that the first order of dismissal of August 13, 2004 was reinstated as of November 4, 2004, i.e., according to its order of March 11, 2005.

Appellant contends, and we agree, that for a judgment to be final, no further action by the trial court should be necessary to settle and determine the entire controversy. *Normand v. Fox*, 940 S.W.2d 401, 403 (Tex. App.–Waco 1997, no writ) (citing *Retana v.*

9

*Tanner*, 869 S.W.2d 669, 670 (Tex. App.–San Antonio 1994, no writ); *see also Wagner v. Warnasch*, 295 S.W.2d 890, 892 (Tex. 1956). The *Wagner* court held: "To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy." *Id.* On a single day, the trial court signed conflicting orders which both denied and granted appellees' motion to "reinstate" the first order of dismissal dated August 13, 2004. Under appellees' theory, appellate courts would have jurisdiction to review a permanent injunction that was granted and denied or a final judgment that was granted in one order and a new trial granted in another.

In this case, the trial court both granted and denied motions totally inconsistent and incompatible with a final judgment. It denied the only pending motion that was, or could have been, the basis of the November dismissal order. "Where it has so spoken only a clear and unequivocal written order or expression by that court will vacate, set aside, modify or amend its first order. Any other rule would be the parent of uncertainty for the orders of any court." *See Poston Feed Mill Co. v. Leyva*, 438 S.W.2d 366, 369 (Tex. Civ. App.–Houston [14th Dist] 1969, writ dis'm, w.o.j.). There exists no clear and unequivocal order here. We agree there can only be one final judgment. TEX. R. CIV. P. 301; *North East Independent School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Here, there was no judgment as of November 4, 2004, which settled all the legal issues and rights between the parties that is final and appealable. *See Tex. Prop. & Cas. Ins. Guar. Ass'n v. De Los Santos,* 47 S.W.3d 584, 587 (Tex. App.–Corpus Christi 2001, no pet.) (citing *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985)).

10

A somewhat analogous situation was presented in *LaPointe.  See LaPointe v. State*, 166 S.W.3d 287, 300 (Tex. App.–Austin 2005), *affirmed,* 225 S.W.3d 513, 521 (Tex. Crim. App. 2007)) (if a trial court's error prevents the proper presentation of the case to the appellate court and that error can be remedied, then the appellate court must direct the trial court to remedy the error so that the appellate court will be in a position to evaluate the appeal properly).  Like the genesis of the trial court's conflicting orders of November 4, 2004, the *LaPointe* district court erred by failing to allow the parties to be present and examine witnesses at a hearing as required by the rules of evidence.  *Id.*  Thus, the appellate court was prevented from determining whether the error was harmless.  *Id.* (citing TEX. R. APP.  P. 44.4(a)(1) which prohibits the court of appeals from affirming or reversing a judgment if a trial court's erroneous action or inaction prevents a proper presentation of a case to the court of appeals and the trial court can correct its action or failure to act).  Similarly, had appellant sought to appeal and invoke our jurisdiction based on the conflicted orders of November 4, 2004, we in turn would have had to direct the trial court to correct its erroneous entry of conflicting orders.  TEX. R. APP. P.  44.4 (b); *see also Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 97 (Tex. 2000) (holding that the court of appeals complied with Rule 44.4 by requiring the trial court to enter a clarifying order to allow a proper presentation of the appeal).

When there has not been a conventional trial on the merits, "an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties."  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203-05 (Tex. 2001).   If only

11

a plaintiff's claim against a defendant is adjudicated, other counterclaims, cross-claims or third party claims are not adjudicated. *Id.* The law does not require that a final judgment be in any particular form. *Lehmann*, 39 S.W.3d at 195. Therefore, whether a decree is a final judgment must be determined from its language and the record in the case. *Id.*

Because the November order did not unequivocally dispose of all pending claims and parties in the record, it is not final and not appealable. *Garcia v. Comm'rs Court of Cameron County*, 101 S.W.3d 778, 784 (Tex. App.–Corpus Christi 2003, no pet); *see Lehmann*, 39 S.W.3d 201. Appellant timely filed its notice of appeal after the trial court's clarification order of dismissal dated March 11, 2005.

### III. Dismissal for Want of Prosecution

The Houston Court of Appeals issued its mandate remanding the case on September 29, 2003. The trial court initially dismissed appellee's remanded claims based upon appellees' joint motion to dismiss filed July 1, 2004, less than ten months after remand. Appellees' motion was an apparent response to appellant's letter dated June 24, 2004. In this letter, counsel for appellant wrote: "Please advise if you are interested in mediation before I set this matter for Trial. If I do not hear from anyone within the next five (5) business days, I will set this matter for Trial."

One of appellees' trial counsel acknowledged receipt of the letter the next day on June 25, 2004, and requested a delay in setting the case for trial in order to coordinate a mutually convenient trial setting. "I would appreciate your not unilaterally setting a trial date." Less than one week later, all three appellees filed a joint motion to dismiss. They asserted that the Texas Supreme Court returned the petition for review on June 12, 2003

12

and that "Since that date, Dean's Campin' Co. has taken no action in this court."[5]

Apparently appellees' trial counsel somehow thought, "to the signatory's best knowledge, information, and belief, formed after reasonable inquiry," that requesting mediation or a trial setting was "no action." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (Vernon 2002). Also, appellees seem to overlook that the mandate from the court of appeals was not filed until October 10, 2003.

On August 9, 2004, appellant supplemented its prior discovery with an update on attorney's fees. This was the fifth supplementation. The record indicated that the trial court in question is a circuit court, and that the only time the matter could have been set for trial before August, 2004, was in April, 2004.[6]

Following the trial court's initial dismissal for want of prosecution on remand, the case was reinstated and the October 8, 2004 order required the mediation of the case. Appellees resisted mediation. Appellant attempted to mediate the case both by its letter of June 24, 2004, and after the court order of mediation on October 8, 2004. Appellant also formally requested a trial setting, and the case was set for trial April 4, 2005. The trial court entered the "reinstatement" of the original dismissal order on March 11, 2005, some three weeks before the trial setting. Appellant contends that the senior district judge who had tried the original action and reinstated the case, offered to try the case. Appellant propounded a deposition upon written questions and appellees filed objections and a

---

[5] Appellees' trial counsel also represented to the trial court at the initial dismissal hearing that the case was remanded the year before i.e. August, 2003. In fact, the mandate from the court of appeals was not issued until September 29, 2003.

[6] Appellees complain that appellant "manufactured" this evidence which was not presented at the initial hearing. We trust that the trial judge himself surely was not unaware of the limited time he spent in Grimes County.

13

motion to quash in March, 2005.

## IV. Standard of Review

A court has the inherent power to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority, subject to review for abuse of discretion. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976).[7] The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court and can be disturbed on appeal only if it amounted to a clear abuse of discretion. *See State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (Tex. 1957). Furthermore, as appellees correctly argue, not only does a trial court have inherent power to dismiss a case, rule 165(a)4 expressly acknowledges the trial court's inherent power to dismiss for want of prosecution. TEX. R. CIV. P. 165(a)(4). The same standard of review is applied in reviewing a denial of a motion to reinstate. *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.–Dallas 2001, pet. denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or equivalently, whether under all the circumstances of the particular case, the trial court's action was arbitrary or unreasonable. *Downer v. Aquamarine Ops., Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

This case must have been dismissed under the court's inherent power because it does not fit the profile of either subdivision of the procedural rules.[8] *See King v. Holland*, 884 S.W.2d 231, 237 (Tex. App.–Corpus Christi 1994, writ denied). We therefore consider

---

[7] In *Williams*, there had been a seven and one-half year delay with no explanation. *Id.*

[8] Appellant also argues and states as a fact that the case was dismissed based on the court's inherent power.

14

the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for the delay. *Id.* (citing *State v. Rotello,* 671 S.W.2d 507, 509 (Tex. 1984) (proceeding has been plagued by delay and inactivity from the outset and had been pending for fifteen years, had been in four appellate courts, and still was not ready for trial)).

## V. Discussion

Appellees seek to argue that the relevant time period concerning the length of pendency of the claim dates back to the original filing in 1998. Of course appellant was initially a defendant only and did not bring the original lawsuit. After being made a party, it initially sought only indemnity as an innocent retailer. Therefore, it is incorrect to charge appellant with the entire pendency of the lawsuit for several reasons. Appellant won its trial to the jury. The trial court's erroneous ruling granting appellees a summary judgment was successfully appealed by appellant and reversed by the Houston Court of Appeals. As the Houston court noted in its opinion, appellant's claims based upon its status as an innocent retailer were not established until the jury verdict exonerating appellant. *See Dean's Campin' Co.*, 2002 WL 1980840, at *1. This did not occur until late 2000, and in the meantime, the trial court had erroneously granted a summary judgment against appellant. Further, the trial court lost jurisdiction of the matter for several years, pending the final mandate of the court of appeals in September 29, 2003. The mandate was not filed with the trial court until October 10, 2003. Thus, it would appear that the relevant "length of time" on the indemnity claim did not be begin until the trial court regained jurisdiction in the Fall of 2003.

Appellees base their argument in part on *Coats. See Estate of Bolton v. Coats*, 608

S.W.2d 722, 726-27 (Tex. Civ. App.–Tyler 1980, writ ref'd n.r.e.). The court quoted the trial court's own order of dismissal:

> This record reflects that Plaintiffs have been afforded over eight (8) months in which to comply with the Court's order of May 2, 1978. Plaintiffs have failed to join Johnny Mitchell as a party. In light of the fact that this cause has been pending for fourteen (14) years without resolution, such delay in complying with the Court's order is inexcusable. Plaintiffs have, therefore, failed to prosecute their claim with diligence, and the Court, upon its own motion, orders that this action be, and it is hereby, dismissed, with unpaid costs taxed against Plaintiffs.

*Id.* Our situation is inapposite: (1) the trial court here had not ordered appellant to do anything, nor did the court set the case for trial; (2) appellant's indemnity did not ripen and its claim could not have been pursued until October 2003 as discussed above; and (3) *Coats* noted "In the more than 16 years that the suit has been pending, appellants have exhibited no real effort to bring the case to trial." *Id.* The *Coats* scenario of multi-year inactivity is simply not present here. Nor did the trial court here carry out the mandate of the court of appeals.

Even if we consider the entire time appellant's claim was pending, dating back to 1998, the record indicates appellant's active prosecution of the case. Appellant was initially sued as a defendant June 12, 1996. It requested indemnity the next month and filed a cross-claim on July 17, 1998. Appellant supplemented its discovery multiple times in 2000. Appellant filed cross-claims and amended its indemnity claims in 2000. The trial court erroneously granted appellees' summary judgment and dismissed appellant's supplemental cross-claims in 2000. A seven-day jury trial was conducted resulting in a favorable verdict and judgment for appellant on December 19, 2000. The gravamen of the case at that point effectively placed appellant only as a defendant, not a plaintiff, because

16

the trial court had stripped appellant of all its affirmative claims. Thereafter, the appellate process began, including a petition for error to the supreme court, which was denied. Finally, the Houston appellate court's mandate was filed with the trial court on October 10, 2003. The trial court then dismissed the remanded claims on August 13, 2004, a few weeks after appellant demanded mediation or a trial setting, and after appellant had again supplemented its discovery for the fifth time. The record of the case simply does not suggest the lack of prosecution or diligence that is reflected in appellee's cited authorities.

Appellees also cite *Brim Laundry Mach. Co. v. Washex Mach. Corp.*, 854 S.W.2d 297, 302 (Tex. App.–Fort Worth 1993, writ denied). While pending for four years from 1988, the case was listed on the court's yearly dismissal docket. *Id.* In 1988, 1989, and 1990, motions to retain were filed and the case was taken off the dismissal docket. *Id.* There was no discovery activity from May of 1991 until the case was dismissed, six months later. *Id.* *Brim Laundry* is not on point because appellant here did supplement its discovery and filed additional discovery–objected to by appellees. It both requested an earlier trial setting and actually had obtained a trial setting just weeks before the court's final dismissal of the case.

Appellees' reliance on *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 843 (Tex. App.–San Antonio 1989, writ denied) is also misplaced. There, the record consisted of a transcript only; there were no findings of fact or statement of facts. *Id.* The plaintiff made no effort to get the case set for trial prior to the dismissal docket call, even though the case had been on file for approximately thirty months prior to dismissal. *Id.* Here, appellant supplemented its discovery and sought a trial setting within nine months after remand.

17

Appellees cite *Bevil v. Johnson*, 307 S.W.2d 85, 88 (Tex. 1957). "The fact that respondents had no intention to abandon it, or that their attorney had hopes of settling the case, cannot be made a ground for charging an abuse of discretion by the trial court." *Id.* However, in *Bevil*, the court decries, "a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results." *Id.* 87-88. There, the unreasonable duration showed that a motion had remained on the docket for more than eight years and for more than three years after the death of the plaintiff, John R. Bevil. *Id.* at 88. The plaintiff never set the motion. Appellant's case here does not suffer any of the neglect reflected in *Bevil.*

Appellees next argue *Moore v. Armour & Co.*, 748 S.W.2d 327, 329 (Tex. App.–Amarillo 1988, no writ). In *Moore*, the case was pending for 18 years. *Id.* at 328. It was first dismissed for want of prosecution in 1976, reinstated and dismissed again in 1979. *Id.* at 329. On appeal, the dismissal was reversed. *Id.* The court's mandate issued on December 5, 1983. *Id.* Thereafter, no activity was evinced until November 20, 1986, when the attorneys for defendants moved for a dismissal of the cause for want of prosecution. *Id. Moore* states that the trial court had no affirmative duty to then set the cause for trial, albeit the court could have done so.[9] *Id.* at 330. As indicated by appellees, the court held it was the plaintiff's duty, once Armour and Browning had answered, to proceed with reasonable diligence to prosecute his cause to a conclusion. *Id.* However, Moore remarkably argued that dismissal was precluded by his announcement of ready in

---

[9] Most modern courts actively manage their own dockets, particularly those provided with full time coordinators.

18

1980—at the time of the last dismissal. He proposed that when his cause was reinstated upon remand, his 1980 announcement of ready and request for a trial setting remained viable, which imposed on the trial court the affirmative duty to set the cause for trial after remand in 1983. *Id.* Appellees' reliance on *Moore* is unpersuasive.

Finally, appellees cite *FDIC v. Kendrick*, 897 S.W.2d 476, 481 (Tex. App.–Amarillo 1995, no writ). "It is well established that neither settlement activity nor the passive attitude of opposing parties excuses a want of diligent prosecution." *Id.* After several trial settings and considerable discovery proceedings, in July 1993, FDIC's counsel announced to the trial court that a tentative settlement agreement had been reached, subject to final approval by the various committees of the FDIC. *Id.* On August 4, 1993, the trial court notified the parties that it expected the agreement to be consummated not later than October 8, 1993. *Id.* The FDIC failed to comply with the court's explicit order even in view of the trial court's express threat to dismiss the case for non-compliance. *Id.* Once again, like our discussion of *Coats* above, the trial court here had not ordered appellant to do anything. Nor had numerous trial settings been passed by appellant. To the contrary, appellant prevailed in the first trial, effectively regained its right to indemnity on appeal, and then actively sought a trial; it was appellees who resisted trial of the case, mediation and discovery.

Under the facts presented here, we find that the trial court abused its discretion by dismissing appellant's actively pursued indemnity claims, including one claim the Houston court of appeals had already found to be due and owing. *See Downer* 701 S.W.2d at 241-42; *Brown v. Prairie View A & M Univ.,* 630 S.W.2d 405, 413 (Tex. App.–Houston [14th Dist.] 1982, writ ref'd n.r.e.); *William T. Jarvis Co. v. Wes-Tex Grain Co.,* 548 S.W.2d

775, 778 (Tex. Civ. App. –Waco 1977, writ ref'd n.r.e.); *Rorie v. Avenue Shipping Co.*, 414 S.W.2d 948, 954-55 (Tex. Civ. App.–Houston 1967, writ ref'd n.r.e.); *see also Collier Man. & Supp., Inc. v. InterFirst Bank Austin, N.A.*, 749 S.W.2d 560, 563-65 (Tex. App. – Austin 1988, no writ).

## VI.  Mandate of the Appellate Court

When an appellate court remands a case with specific instructions, the trial court is limited to complying with the instructions and cannot relitigate issues controverted at the former trial.  *Denton County v. Tarrant County*, 139 S.W.3d 22, 23 (Tex. App.–Fort Worth 2004, pet denied) (citing *Kahn v. Seely*, 37 S.W.3d 86, 88 (Tex. App.–San Antonio 2000, no pet.); *Ballard v. Cantrell*, 597 S.W.2d 41, 42  (Tex. Civ. App.–Fort Worth 1980, writ ref'd n.r.e.)). The trial court's authority is limited to only those issues specified in the mandate. *Id.*  (citing *Martin v. Credit Prot. Ass'n, Inc.*, 824 S.W.2d 254, 256 (Tex. App.–Dallas 1992, no writ).  In interpreting the mandate of an appellate court, the trial court looks not only to the mandate itself but also to the appellate court's opinion.  *Id.*  The trial court is given a reasonable amount of discretion in complying with the mandate.  *Id.* (citing *Austin Transp. Study Policy Advisory Comm. v. Sierra Club*, 843 S.W.2d 683, 690 (Tex. App.–Austin 1992, writ denied). The trial court has no alternative but to follow the appellate court's mandate, and its orders in compliance with the mandate are not reviewable.  *Id.*

When the trial court clerk receives the mandate, the appellate court's mandate must be enforced. TEX. R. APP. P. 51.1(b). Likewise, a trial court must observe and carry out an appellate court's mandate.  *Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex. App. –San Antonio 1984, orig. proceeding).   "It must observe and carry out the mandate of the

20

appellate court. Its orders carrying out the mandate are ministerial." *Myers v. Myers*, 515 S.W.2d 334, 335 (Tex. Civ. App.–Houston [1st Dist.] 1974, writ dism'd w.o.j.). A trial court's failure or refusal to comply with a court of appeals mandate is an abuse of discretion. *Lee v. Downey*, 842 S.W.2d 646, 648, (Tex. 1992) (orig. proceeding).

Here, the mandate of the Houston court provided that the supplemental cross-claims should be determined and that the attorney's fees and costs under section 82.002(a) of the civil practice and remedies should be determined. Just as the trial court erred by not awarding appellant its costs in the original action reversed by the Houston court, it repeated the same error when it dismissed appellant's case once again without awarding costs both of the appeal and of the original action to appellant.

## VII. Conclusion

The trial court abused its discretion by dismissing appellant's case for want of prosecution. *See Lee*, 842 S.W.2d at 648. The trial court abused its discretion by not following the mandate of the Houston court of appeals. *See id.* We accordingly reverse and remand with instructions that the trial court carry out both mandates in this case.


DON WITTIG,
Justice


Memorandum Opinion delivered and filed
this the 29th day of August, 2008.


21